LAUGHTER LEE EVANS *v.* STATE OF ARKANSAS

5679                                      478 S.W. 2d 874

Opinion delivered April 17, 1972

336

*Carpenter, Finch & McArthur,* for appellant.

*Ray Thornton,* Atty. Gen., by *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Laughter Lee Evans asserts three points for reversal of his conviction of possession of stolen property. He contends that errors were committed in allowing testimony relating oral statements attributed to him, in addition to admission of his written statement, in denying his motion for verdict, and in giving an instruction to the jury regarding further consideration of the case after it reported that it had been unable to reach a verdict.

Appellant's argument on appeal is somewhat different from his objection in the trial court to the testimony about the oral statement. In a hearing on the

admissibility of appellant's statements, the voluntary nature of the statements was conceded, and appellant's attorney agreed that his client's constitutional rights were protected, insofar as warnings and coercion were concerned. The objection made, after the court in a Denno hearing held the statements admissible, was that testimony about oral statements made to the officers, in addition to the written statement, should not be admitted. Appellant's attorney, who is not representing him on appeal, contended that the admission of this testimony would violate appellant's constitutional rights by attempts to show, by innuendo, appellant's knowledge that the property involved, a pistol, was stolen. This attempt to engraft a constitutional "parol evidence rule" relating to written statements of accused persons upon the rules of evidence in criminal cases has been appropriately abandoned, and the attorney general was justified in not briefing this objection. *In re Briefing of Criminal Cases*, 234 Ark. 846, 354 S.W. 2d 740.

The contention first made here that oral statements more comprehensive than the written statement were not shown to be admissible with sufficient clarity cannot be entertained. *Nash* v. *State*, 248 Ark. 323, 451 S.W. 2d 869. However, our review of the only testimony on the subject, that of Detective Larry Starks of the Little Rock Police Department, discloses that, upon discovery from a check of police records that the pistol had been stolen, Starks advised appellant of his rights. Thereafter, Evans gave an oral statement, after which, upon the request of the officers that he do so, Evans wrote a statement in his own handwriting. The circuit judge found that appellant had been adequately warned as to his rights, and that the contents of his statements to the officers, both oral and written, were admissible. This finding, based upon uncontradicted testimony, is not erroneous.

Appellant's second point is based upon his argument that the evidence failed to show the requisite guilty knowledge and intent on his part to constitute a violation of Ark. Stat. Ann. § 41-3938 (Repl. 1964) under which he was charged. Our review of the evidence satis-

fies us that a jury question was posed. Without detailing all the evidence, the following appears in the testimony:

. The retail value of the pistol was $135, the wholesale price, $90. The weapon was in appellant's possession in a vehicle driven by him on Sixth Street near the freeway in Little Rock, three months after the weapon was stolen from Farrior's, Inc., in Little Rock, and Evans had some of the bullets for it at his home, although he contended that he took the pistol in pawn from a patron at a club of which he was part owner. In his statements to the officers, Evans said that he knew that the man he gave $40 as a loan on the pistol would never return for it, and that, while the borrower had sought only $20, Evans had told him that was not enough and gave him $40. Starks asked Evans if, by reason of paying so little for the gun, he had any idea that it might have been stolen. Evans replied that he figured it probably was.

If the jury believed that Evans made the reply attributed to him, it was justified in finding that he had guilty knowledge.

After the jury had deliberated for more than two hours, it reported to the court that an eleven to one division had existed for a considerable period of time. The trial judge, upon his own motion, then stated to the jury:

It is important that a jury reach a verdict in the trial of this case. A hung jury means a continuation of the case and a delay in the administration of justice.

Under your oath as jurors you have obligated yourselves to render a verdict in agreement with the law and evidence. In your deliberations you should weigh and discuss the evidence and make every reasonable effort to harmonize your individual views of the merits of the case.

Each of you should give due consideration to the views and opinions of the other jurors who disagree with your opinions and views. No juror should surrender his sincere beliefs in order to reach a verdict; to the contrary, the verdict should be the result of each juror's free and voluntary opinion.

By what I have said as to the importance of the jury reach[ing] a verdict, I do not intend to suggest or require that you surrender your conscientious convictions, only that each of you make every sincere effort to reach a proper verdict. Therefore, I request the jury retire for further deliberations.

If there are no questions, you may return to the jury room and resume your deliberations.

The jury then deliberated for about 30 minutes and reported that a verdict had not been reached and asked instructions. Since it was after 5:00 p.m., the court dismissed the jury for the day, but directed it to resume deliberations at 9:30 the following morning. The verdict was returned after nine minutes' deliberation on that day. Appellant contends that the instruction given amounted to a directed verdict, and was coercive in nature. We do not agree. An admonition to the jury as to its duty to return a verdict, without any expression of the court's opinion as to the weight of the evidence, or any change in instructions previously given, or suggestion that any juror yield his individual convictions to reach a verdict is not improper. *Hardin* v. *State,* 225 Ark. 602, 284 S.W. 2d 111. Here, the circuit court clearly stated that the verdict should be the result of each juror's free and voluntary opinion and concluded its remarks with emphasis upon the proposition that no juror should surrender his sincere beliefs in order to reach a verdict, and only suggested that each juror make a sincere effort to reach a verdict. Since a hung jury renders no decision at all, and retrials are grievously burdensome to all concerned and since some jury would have had to reach a decision at some future date, the circuit judge should be commended rather than condemned for the action taken here. We have long recognized

that it is the duty of a trial judge to make plain the obligation of a jury to arrive at a verdict consistent with the facts and concurring with the individual convictions of each juror. *Whitley* v. *State,* 114 Ark. 243, 169 S.W. 952. The court did not advise the jury that there was no conflict in the testimony, or that the law was plain and simple, so that the only thing left to the jurors was embodied in their oath, as was the case in *Parker* v. *State,* 130 Ark. 234, 197 S.W. 283, relied upon by appellant. Much stronger admonitions than the one given here have been approved. See *McGaha* v. *State,* 216 Ark. 165, 224 S.W. 2d 534; *Mynett* v. *State,* 179 Ark. 1199, 18 S.W. 2d 335; *Benson* v. *State,* 149 Ark. 633, 233 S.W. 758; *Mallory* v. *State,* 141 Ark. 496, 217 S.W. 482.

Since we find no error, the judgment is affirmed.