360

David BARNES *v.* STATE of Arkansas

CR 76-234                                           548 S.W. 2d 141

Opinion delivered March 28, 1977
(Division II)

*Don R. Langston* and *Hubert E. Graves,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant David Barnes was convicted of the offense of defrauding an innkeeper in violation of Ark. Stat. Ann. § 41-1908 (Repl. 1964), which reads as follows:

Any person who shall obtain food, lodging or other accommodation at any hotel, inn, motel, motor court, motor lodge, resort, boarding or eating place with intent to defraud the owner or keeper thereof, shall be punished in the manner provided by law for the offense of larceny.

On appeal appellant first alleges error in one of the court's instructions. The objection was to the following comment in Instruction No. 5:

\* \* \*

If you find that the defendant absconded without paying or offering to pay for such accommodation, or that he surreptitiously removed or attempted to remove his baggage, it is not necessarily conclusive as to the defendant's intent to defraud, but may be considered by you along with all the other facts and circumstances in the case.

\* \* \*

Appellant contends this instruction constitutes an improper inference of intent to defraud. This type of instruction, which leaves guilt or innocence solely to the jury and permits it to draw an inference allowable by statute, has been upheld by this Court. See *Milburn* v. *State,* 260 Ark. 553, 542 S.W. 2d 490 (1976); *Petty* v. *State,* 245 Ark. 808, 434 S.W. 2d 602 (1968). Such instructions are unlike the one disapproved in *French* v. *State,* 257 Ark. 298, 506 S.W. 2d 820 (1974), in which the jury was told that proof of one fact raised a presumption that one of the elements of the offense existed.

Appellant next contends it was error for the trial court to tell the jury (which had returned to ask some questions), after deliberation of one hour and fifty minutes, that on a retrial there would probably be no different evidence and that the court did not anticipate a more knowledgeable jury would be called to serve. After this statement appellant's attorney moved for a mistrial but the motion was denied. Thereafter, the jury, after deliberating only a short time, returned a guilty verdict.

In *Evans* v. *State,* 252 Ark. 335, 478 S.W. 2d 874 (1972), this Court held:

\* \* \* An admonition to the jury as to its duty to return a verdict, without any expression of the court's opinion as to the weight of the evidence, or any change in instruc-

tions previously given, or suggestion that any juror yield his individual convictions to reach a verdict is not improper. (Citing case.) * * *

In the present case the issues were relatively simple, and it cannot be said, as a matter of law, that a jury deliberation of one hour and fifty minutes under these circumstances was not sufficiently "prolonged" to justify the giving of the instruction here.

We see nothing in the record to indicate the charge was improper or coerced the jury into returning a guilty verdict. See *Webb* v. *United States,* 398 F. 2d 727 (5th Cir. 1968).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.