James Dean WALKER *v.* STATE of Arkansas

CR 82-22                                    637 S.W.2d 528

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a trial by jury appellant, James Dean Walker, was convicted of felony escape and sentenced to two years in the Arkansas Department of Correction, with the sentence to run consecutively to

any sentence then being served. On appeal from this conviction the only issue is whether the trial court erred in instructing the jury pursuant to AMCI 6004, the instruction for deadlocked juries. We affirm.

The jury was given the case on the afternoon of October 19, 1981, but had still not reached a verdict after approximately four hours of deliberation. At that time the court asked the foreman how the jury stood in its voting. The foreman responded that it was nine to three. The court then gave the jury an instruction commonly known as the "Allen charge" which is essentially set out in AMCI 6004. In giving the instruction the court added the sentence emphasized below to the AMCI version:

It is to the interest of the State of Arkansas and of the defendant(s) for you to reach an agreement in this case, if at all possible. A hung jury means a continuation of the case and a delay in the administration of justice. *And it also means additional expense on the taxpayers.*

You should consider that this case will have to be decided by some jury and, in all probability, upon the same testimony and evidence. It is unlikely that the case will ever be submitted to 12 people more intelligent, more impartial, or more competent to decide it. . . .

The instruction then goes on to tell the jury that they should weigh and discuss the evidence and make every reasonable effort to harmonize individual views on the merits of the case. It also states that no juror should surrender his sincere convictions to reach a verdict and that the verdict should be the result of each juror's free and voluntary opinion, but that every sincere effort should be made to reach a proper verdict. After hearing this instruction the jury continued their deliberation but were unable to reach a verdict until the next morning.

Appellant objects to the sentence added by the court for two reasons: (1) the sentence is extraneous to issues of guilt or innocence or punishment; and (2) modification of the

instruction should not have been made without the trial judge setting out in writing the reason for not giving the AMCI version.

In regard to instructing the jury on extraneous matter we held in *Evans* v. *State,* 252 Ark. 335, 478 S.W.2d 874 (1972) that:

> An admonition to the jury as to its duty to return a verdict, without any expression of the court's opinion as to the weight of the evidence, or any change in instructions previously given, or suggestion that any juror yield his individual convictions to reach a verdict is not improper.

In *Graham* v. *State,* 202 Ark. 981, 154 S.W.2d 584 (1941) this Court committed to the general rule that the trial court may detail to the jury the ills attendant upon a disagreement, including the expense. *See also McGaha* v. *State,* 216 Ark. 165, 224 S.W.2d 534 (1949).

In answering appellant's second objection, we quote the "Note on Use" which follows AMCI 6004:

> This instruction should not be given until the jury, after prolonged deliberation, has not reached a verdict. The trial judge may wish to give this type of instruction in his own words. The above is submitted as a guide to avoid errors sometimes made.

Because of the language in the note which invites the trial judge to use other language, it was not error to detail to the jury that necessary expense is involved in a subsequent trial, particularly where our cases have approved such language.

Appellant also argues that the portion of the instruction which informs the jury that the case will have to be decided by some jury should not have been given because such a statement is legally inaccurate. Appellant points out that a jury may never decide the case because if there is a mistrial, the State has the authority to request dismissal of the action.

Although technically appellant is correct, it was not error for this language to be included in the instruction. There is always a possibility that a particular case will never be decided by a jury for any number of reasons, i.e., death of the defendant. But, as a practical matter, in most instances some jury will have to decide the case. Also, the statement itself does not encourage the jury to find the accused guilty; therefore, appellant cannot show any resulting prejudice from the language in the instruction.

Affirmed.