

Cite as 2015 Ark. App. 480

# ARKANSAS COURT OF APPEALS

### DIVISION III
### No. CR–14–989

| | |
|---|---|
| LACHANDRA R. MOORE<br>APPELLANT | **Opinion Delivered** SEPTEMBER 16, 2015 |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–13–759] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

Lachandra Moore was tried by a jury and found guilty of the following offenses: one count of first-degree forgery, four counts of second-degree forgery, one count of aggravated assault, and one count of fleeing. She was sentenced to 394 months in the Arkansas Department of Correction and fined $6270. She raises two points of appeal: 1) the trial court erred by sustaining the State's objection to testimony regarding Lachandra's mental state, and 2) the trial court erred by giving Instruction 8102 (the "dynamite" instruction) over her objection. We affirm.

On August 28, 2013, a West Memphis police officer was dispatched to DOTS women's apparel store to investigate the manager's claim that a customer was attempting to use a forged check. In light of the issues raised by Lachandra Moore in this appeal, it is unnecessary to discuss the facts surrounding the forged check. However, the subsequent

SLIP OPINION

events that occurred in the parking lot are pertinent. The police officer testified that, in examining the driver's license Lachandra had provided as her ID for the check, he doubted its authenticity and asked her if she had her actual driver's license with her. She told him it was in her vehicle. The officer, Lachandra, and a female who identified herself as Lachandra's daughter walked toward Lachandra's vehicle in the parking lot. According to the officer, they stopped in front of the vehicle; he asked Lachandra where the license was so that he could get it out of the car; and Lachandra pulled away from him, opened the driver's side door, and shoved him with the door. The officer told Lachandra to stop and not to get in the car. Instead, Lachandra slammed the vehicle door shut and locked the doors. The officer then tried to open the car door, told her to get out, and told her not to start the car. The daughter got in the vehicle while this was occurring. The officer further explained that Lachandra began backing up while he was still holding the door handle. He testified that he let go and moved to the front of the vehicle as she started pulling away. He explained that he placed his left hand on the front of the vehicle and pulled his weapon out of the holster, telling her several times to stop, turn off the vehicle, and get out. Instead, she put the car in drive and began to accelerate toward him. She bumped him with the vehicle; he tried to get out of the way; and then he ran to his vehicle and began to pursue her out of the parking lot.

Lachandra testified that she did not try to run over the officer. She said that she was just trying to get away, that she did not make a decision to run over him, and that she did not remember him being in front of her. She described him as a very nice officer and said she took advantage of that fact. She said that when she found out she was charged with

2

aggravated assault, she asked why.

Lachandra then began to testify that she "thought they were going to kill me over there. I was scared because the Memphis police are known for killing people and stuff. I was not trying to run over him." The State objected, and the trial court sustained the objection, instructing the jury to disregard the comment. Lachandra's counsel then stated, "[w]e don't need to talk about other things like that." She now challenges the trial court's ruling in this appeal.

With respect to her second point of appeal, there was a bench conference during jury deliberations where the trial court informed the parties that the jury had reached a verdict on all counts but one and that he thought he was going to give the "dynamite instruction" on that count. Defense counsel explained that his issue with the court doing that was that "one hour is not 'prolonged.'" Back in open court, the jury foreperson stated that they had been unable to reach a verdict on one of the charges, that he did not think it would help to deliberate further, and that they were deadlocked. The trial court then gave Instruction 8102, the "dynamite" instruction[1] over counsel's objection.

---

[1] As abstracted by counsel, the trial court instructed the jury:

It is in the interest of the State of Arkansas and of the defendant(s) for you to reach an agreement in this case, if at all possible. A hung jury means a continuation of the case and a delay in the administration of justice.

You should consider that this case will have to be decided by some jury and, in all probability, upon the same testimony and evidence. It is unlikely that the case will ever be submitted to 12 people more intelligent, more impartial, or more competent to decide it.

SLIP OPINION

For her first point of appeal, Lachandra contends that her mental state was an element of the aggravated-assault offense and that the trial court erred in sustaining the State's objection to her testimony about being afraid of Memphis police. We disagree.

First, the argument Lachandra pursues on appeal concerning the need to demonstrate her purposeful mental state was not properly preserved. That is, when the State objected, counsel did not counter the objection with the argument being made here about a purposeful mental state. To the contrary, counsel instead cautioned Lachandra not to talk about such thing—in essence agreeing with the ruling.

Second, even if the argument had been properly preserved, we would find no merit in it. Lachandra testified that the police officer was "very nice," and it is undisputed that he was a West Memphis police officer, making her testimony about Memphis police killing people totally irrelevant. The circuit court has broad discretion in making evidentiary rulings, and we will not reverse its ruling absent an abuse of discretion. *Holland v. State*, 2014 Ark. App. 644, 448 S.W.3d 220. We find no abuse of the trial court's considerable

---

Under your oath as jurors, you have obligated yourselves to render verdicts in accordance with the law and the evidence. In your deliberations you should weigh and discuss the evidence and make every reasonable effort to harmonize your individual views on the merits of the case. Each of you should give due consideration to the views and opinions of other jurors who disagree with your views and opinions. No juror should surrender his sincere beliefs in order to reach a verdict; to the contrary, the verdict should be the result of each juror's free and voluntary opinion. By what I have said as to the importance of the jury reaching a verdict, I do not intend to suggest or require that you surrender your conscientious conviction, only that each of you make every sincere effort to reach a proper verdict. Therefore, I request the jury to retire for further deliberation for a reasonable time in an attempt to reach a verdict.

SLIP OPINION

discretion in this ruling.

For her remaining point of appeal, Lachandra contends that the trial court erred by giving Instruction 8102 (dynamite) over her objection because the jury had not been deliberating long enough to warrant it, and use of the instruction forced jurors to compromise their opinions regarding guilt or innocence. Counsel never sought a mistrial. Rather, counsel merely took the position that it was premature to give the "dynamite" instruction.

As we explained in *Bankston v. State*, 83 Ark. App. 53, 57– 58, 117 S.W.3d 623, 626 (2003),

> The use of the "dynamite" instruction has been approved by our supreme court. *See Miller v. State*, 280 Ark. 551, 660 S.W.2d 163 (1983); *Walker v. State*, 276 Ark. 434, 637 S.W.2d 528 (1982) . . . . Such an instruction is not improper if the admonition is given without the trial judge's opinion as to the weight of the evidence, if there is no change in any of the instructions previously given, and if there is no suggestion that any juror must yield his convictions to obtain a verdict. *Walker, supra*. None of these factors were present in the instruction given in the instant case; in fact, the trial judge specifically stated that he did not intend to suggest or require that any juror surrender his or her conviction. Therefore, the giving of the instruction was not improper or prejudicial.
>
> Appellant further asserts that the "dynamite" instruction was given prematurely to the jury. In his brief, he cites *Miller, supra*, and *Walker, supra*, in support of his argument. In those cases, the juries deliberated for five hours and four hours, respectively, before the instruction was given. In this case, appellant argues that two hours and twenty minutes was not a long enough period of time to require the dynamite instruction; therefore, the giving of it was reversible error. We disagree. Appellant's argument overlooks *Davis v. State*, 319 Ark. 460, 892 S.W.2d 472 (1995), in which the "dynamite" instruction was given after only two hours, and our supreme court held that the trial court did not abuse its discretion in denying a mistrial. We cannot say that the giving of the instruction after two hours and twenty minutes of deliberation was reversible error.

Here, the "dynamite" instruction was given after the jury had been deliberating

approximately an hour and a half. There is no definitive time line that must be applied by the trial court in addressing jury deliberations. Rather, the exercise of discretion is involved. Moreover, as noted by the State in its brief, Lachandra's contention that the giving of the instruction required the jury to compromise its opinion is purely speculative. We do not find Lachandra's argument convincing that the timing of the "dynamite" instruction in this case requires us to reverse and remand.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Shaun Hair*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.