Roy Dean BLANN and Wade BLANN *v.* STATE of Arkansas

CA CR 85-40                                                    695 S.W.2d 382

Court of Appeals of Arkansas
Division I
Opinion delivered August 28, 1985

*Honey & Rodgers*, by: *Danny P. Rodgers*, for appellants.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

Tom Glaze, Judge. On January 2, 1984, Mike Nowlin was stabbed twice by Wade Blann. On January 12, 1984, both Wade Blann and his father, Roy Dean Blann, were charged in connection with the stabbing: Roy Blann with the crime of accomplice to battery in the first degree, under Ark. Stat. Ann. § 41-1601 (Repl.

1977), and Wade Blann with the crime of battery in the first degree, under the same statute. After a consolidated jury trial on August 13, 1984, Roy Blann was found guilty of accomplice to battery in the second degree, and Wade Blann was found guilty of battery in the first degree. The jury had been instructed, without objection, as to battery in both the first and second degrees. On appeal Roy Blann contends that there was insufficient evidence to support his conviction. In addition, both appellants contend that the verdicts were inconsistent and contrary to the law and the evidence, and that the trial court erred in failing to grant their motion for new trial. We will consider these points in order.

Roy Blann argues that there was no substantial evidence to support the verdict entered against him. He claims that the verdict was based entirely on circumstantial evidence which failed to exclude every other reasonable hypothesis other than guilt. Upon appeal, we view the evidence in the light most favorable to the appellee, affirming the judgment if there is substantial evidence to support the verdict. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). The evidence is sufficient if, even though primarily circumstantial, it is of such force and character that it induces an average person to pass beyond suspicion and conjecture; it must support a finding of reasonable and material certainty and compel a conclusion one way or another. *Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983). In determining the sufficiency of the evidence, it is necessary only to look at that evidence which is favorable to the appellee and which supports the verdict of guilt. *Brown* v. *State*, 278 Ark. 604, 648 S.W.2d 67 (1983). While circumstantial evidence, when it is the only evidence relied on, must indicate the accused's guilt and exclude every other reasonable hypothesis, whether it does so is usually a question for the jury. *Murry* v. *State*, 276 Ark. 372, 635 S.W.2d 237 (1982).

In the instant case, Mike Nowlin testified that Roy Blann came up to him and told him that "him and Wade was going to whip me so bad" and that all Roy Blann did was to come over and "ag [sic] it on." While Roy Blann testified that he was trying to prevent a fight between Nowlin and his son, the jury is not required to believe his testimony. *Henry*, 278 Ark. at 486. It is the jury's duty to judge the credibility and weight of the evidence and resolve any conflict; we cannot disturb or disregard those

findings. *Brown*, 278 Ark. at 605, 607. It is undisputed that Nowlin and Wade Blann were meeting at the church for a fight. Both Nowlin and his stepfather, P. O. Oliver, testified that Roy Blann drove Wade Blann to the church for the fight and participated in it. Both testified that Wade Blann stabbed Nowlin twice with a knife. The expert medical testimony, as stipulated to by both sides, showed that the stab wounds were considered by the doctors, in their expert opinions, to constitute a serious physical injury.

An accomplice is a person who:

with the purpose of promoting or facilitating the commission of an offense, he: (a) solicits, advises, encourages or coerces the other person to commit it; or (b) aids, agrees to aid, or attempts to aid the other person in committing it; or (c) having a legal duty to prevent the commission of the offense, fails to make proper effort to do so.

Ark. Stat. Ann. § 41-303(1) (Repl. 1977). A person commits the offense of battery in the second degree if, among other things, "with the purpose of causing physical injury to another person, he causes serious physical injury to any person." Ark. Stat. Ann. § 41-1602(1)(a) (Supp. 1983). Under this section of the statute, it is not necessary to determine whether Roy Blann knew about the knife. We believe substantial evidence was presented from which the jury could find that Roy Blann aided or encouraged Wade Blann to fight Nowlin, with the purpose of causing physical injury to Nowlin, and that actual serious physical injury was inflicted upon Nowlin.

Both appellants contend that their verdicts are inconsistent and contrary to the evidence and law, and therefore, must be overturned. They argue that, because Wade Blann was convicted of battery in the first degree, Roy Blann could not be convicted of being an accomplice to a battery in the second degree and conversely, because Roy Blann was convicted of being an accomplice to a battery in the second degree, Wade Blann could not therefore be convicted of battery in the first degree. We find no merit in this contention. Ark. Stat. Ann. § 41-306 (Repl. 1977) provides that "[w]hen two or more persons are found criminally liable for an offense of which there are different degrees, each person shall be liable only for the degree of the offense that is

consistent with his own mental culpability or with his own accountability for an aggravating fact or circumstance." *See also Bosnick* v. *State*, 248 Ark. 846, 454 S.W.2d 311 (1970) (holding that a jury may assign degrees of guilt among the conspirators in accordance with their individual culpability). No longer is it even necessary that a principal be found guilty before an accomplice can be found guilty. *See Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982). "If the crime actually committed is a greater inclusive offense of the offense planned, accomplice liability respecting the intended lesser included offense attaches in connection with the aider or advisor." § 41-303, commentary. Because battery in the second degree is a lesser included offense of battery in the first degree, we find no inconsistency in holding Roy Blann guilty of being an accomplice to the former while holding Wade Blann guilty of the latter.

Appellants' final contention is that the trial court erred in denying a motion for a new trial based on the alleged bias of one of the jurors. There are two types of bias, implied bias, under Ark. Stat. Ann. § 43-1920 (Repl. 1977), and actual bias, as defined in Ark. Stat. Ann. § 43-1919 (Repl. 1977). Implied bias, which arises by implication of law, is not at issue here; rather the question is whether actual bias existed. In this case, the juror Charles E. Ritchie was accused of having made statements, some seven months prior to the trial and shortly after the stabbing, indicating bias. One witness, John Ricker, said that Charles Ritchie had told him that he had had "lots of trouble with Roy Dean's [Blann's] brother back some years ago" and that "both of the Blanns ought to be sent to the pen." Ricker acknowledged that he had known Roy Blann for approximately twenty years and that, at that time, everyone in the county was talking of the stabbing. Marzelle and Jim Ritchie, cousins of Charles Ritchie, testified that they heard Charles say that the Blanns "ought to be under the goddamn jail." Both of the Ritchies also knew Roy Blann. Charles Ritchie testified that he could not remember making such statements. He informed the judge that he had not decided the guilt or innocence of either appellant prior to his selection as a juror. He said several times that he had not formed an opinion in the case before hearing the evidence and further testified that, if he had felt that they were guilty prior to trial, he would have stood up and told the court so when asked. Don Miller,

who was with Charles Ritchie at thè time of the alleged statements in front of Marzelle and Jim Ritchie, also testified that he could not remember Charles Ritchie making such statements on the date in question.

The court found the alleged statements were made approximately seven months prior to the trial, at a time when the stabbing was a major topic of conversation; that the testimony indicated that no one was quite sure what, if anything, Charles Ritchie may have said; and that, when selected on August 13, 1984, Charles Ritchie assured the court he could be fair and impartial and had formed no opinion as to the guilt or innocence of the Blanns. The court further found that the verdict, giving Wade Blann a minimum sentence and Roy Blann a suspended sentence, showed mercy and compassion, rather than bias or prejudice, and that, although Charles Ritchie indicated at trial he had heard something of the case prior to trial, the appellants had failed to question him or use a peremptory challenge against him and had failed to exhaust their peremptory challenges. Based on the above, the trial court concluded that Ritchie was not biased against the appellants and that the appellants received a fair trial. Therefore he denied the motion for new trial.

Jurors are assumed to be unbiased and the petitioner has the burden of proving actual bias. *Jeffers* v. *State*, 280 Ark. 458, 658 S.W.2d 869 (1983). As our Supreme Court stated in *Cooper* v. *State*, 215 Ark. 732, 223 S.W.2d 507 (1949) (a case very similar in relevant part to the one at bar):

> Courts properly examine very carefully into assertions made by witnesses who, after a defendant has been convicted, come forward with what they insist were beliefs expressed in circumstances from which bias or prejudice against the accused may be inferred. Weeks and months sometimes lapse between trial and what such witnesses say were remarks made at a time when the accused's status was being discussed. Because of the personal interest a volunteer may have in serving a defendant, and because the exact words used at a remote period, or the general import of a conversation, may later be purposely or unintentionally exaggerated, courts are given a broad discretion in determining (a) whether the evidence has

been inspired through friendship for the defendant, (b) whether prejudice against the State's representatives has induced the course of conduct, (c) whether memory of those testifying is at fault, and (d) whether, if true, the attributed declarations were anything more than random comment. If the latter, and the proffered juror convinces the Court that, as in the case at bar, he *has* tried the issues fairly and treated the facts with reasonable consideration, the motion to quash should be denied. Judges are not compelled to accept *all* testimony as true, even though it is not *expressly* traversed. The manner in which a witness acts on the stand, his general demeanor, the apparent presence of interest or an effort to serve some one,—these may deprive sworn statements of substantial characteristics; and in the exercise of a sound discretion the Judge who listens to such witnesses must resolve conflicting inferences and act as he conscientiously believes the circumstances warrant. We are not willing, in the instant case, to say that this discretion was abused.

215 Ark. at 748-9. *See also Linell* v. *State*, 283 Ark. 162, 671 S.W.2d 741 (1984); *Vowell* v. *State*, 72 Ark. 158, 78 S.W. 762 (1904). Here, the trial judge has indicated that he found Charles Ritchie's comments, if made, to have been random comments and that Ritchie had convinced him he had tried the case fairly and impartially. Therefore, like the court in *Cooper*, we are unwilling to say the trial court abused its discretion.

Having found no merit in the appellants' contention, we therefore affirm their convictions.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.