2012 Ark. 42

**Rickey C. STRAIN, Jr., Appellant**

**v.**

**STATE of Arkansas, Appellee.**

**No. CR 10–888.**

Supreme Court of Arkansas.

Feb. 2, 2012.

Jeff Rosenzweig, for appellant.

Dustin McDaniel, Atty. Gen., by: Eileen W. Harrison, Asst. Atty. Gen., for appellee.

PER CURIAM.

Appellant Rickey C. Strain, Jr., was convicted by a Jefferson County jury of first-degree murder and was sentenced to 300 months' incarceration in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Strain v. State*, 2009 Ark. App. 99, 2009 WL 398117 (unpublished). Appellant then filed a petition for review in this court, which was denied. *Strain v. State*, CR 09–219 (Ark. May 14, 2009) (unpublished per curiam order).

Appellant subsequently filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009), in which he argued that trial counsel had been ineffective for failing (1) to make a complete and thorough argument for a directed verdict, (2) to seek the appropriate jury instructions regarding accomplice liability, (3) to seek severance of appellant's trial from his codefendant's trial, and (4) to properly ar-

gue that a witness's prior inconsistent statement could not be considered by the jury for the truth of the matter stated. That petition was denied following an evidentiary hearing, and appellant now brings the instant appeal of that denial. Because appellant has not established that the circuit court's denial was clearly erroneous, we affirm.

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Reed v. State*, 2011 Ark. 115, 2011 WL 913208 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Carter v. State*, 2010 Ark. 231, 364 S.W.3d 46 (per curiam); *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam). Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *Reese v. State*, 2011 Ark. 492, 2011 WL 5589268 (per curiam) (citing *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007)). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to such an extent that the appellant was deprived of a fair trial. *See id.*

With respect to the requirement that prejudice be established, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel that, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Carter v. State*, 2011 Ark. 226, 2011 WL 1896765 (per curiam).

For his first point on appeal, appellant argues that trial counsel was ineffective for failing to make a complete and thorough motion for directed verdict, which prevented the appellate court from ruling on the sufficiency of the evidence. In its opinion affirming appellant's conviction, the Arkansas Court of Appeals found that appellant's insufficiency-of-the-evidence argument was not preserved because trial counsel's directed-verdict motion "[did] not specifically state how the evidence was insufficient or even mention what element of the crime was not proven." *Strain*, 2009 Ark. App. 99, at 4, 2009 WL 398117. Trial counsel's motion was conclusory and, in effect, only argued that there was not any evidence "that could be used against these two defendants." Arkansas Rule of Criminal Procedure 33.1(a) (2009) specifies that a motion that merely states that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency, such as insufficient proof on the elements of the offense.

According to appellant, had counsel made a more specific motion for directed verdict—pointing out that no witnesses had testified that appellant had fired a gun, that there were inconsistencies between one witness's police report and his testimony at trial, and that another witness was a crack dealer with a lengthy arrest record—"[t]he circuit court would have granted a dismissal or a reduction on such grounds and, if not, the appellate court would have reversed and dismissed."

■ To prevail on a claim of ineffective assistance of counsel based on counsel's failure to preserve an issue for appeal, a petitioner must show that, had the issue been preserved, the appellate court would have reached a different decision. *See generally Smith v. State*, 2010 Ark. 137, 361 S.W.3d 840 (per curiam) (appellant required to establish actual speedy-trial violation to show ineffective assistance based on counsel's failure to preserve speedy-trial issue for appeal); *Sparkman*, 373 Ark. 45, 281 S.W.3d 277 (failure to preserve issue of suppression of a custodial statement for appeal was ineffective assistance where statement was actually taken in violation of Sixth Amendment right to counsel). In the instant case, therefore, appellant must demonstrate that the appellate court would have found that the evidence adduced at trial was insufficient to support a conviction and would have overturned his conviction for that reason.

■ This court treats a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Norris v. State*, 2010 Ark. 174, 368 S.W.3d 52 (citing *Coggin v. State*, 356 Ark. 424, 156 S.W.3d 712 (2004)). The appellate court reviews the evidence in a light most favorable to the State and considers only the evidence that supports the verdict. *Id.* (citing *Stone v. State*, 348 Ark. 661, 74 S.W.3d 591 (2002)). This court affirms a conviction if substantial evidence exists to support it. *Stone*, 348 Ark. 661, 74 S.W.3d 591. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Haynes v. State*, 346 Ark. 388, 58 S.W.3d 336 (2001).

Here, appellant's conviction was supported by evidence that he and his codefendant were driving through the area shortly before the murder occurred, that one of the witnesses had purchased cocaine from appellant and his codefendant, that the same witness subsequently spotted "the same two people that [he] had met just prior to this kicking the crap out of someone, and then [he] saw them shoot," that a second witness identified both appellant and the codefendant as the men who beat the victim, and that the second witness placed both defendants near the victim when the fatal shots were fired. Based on this, it is clear that the conviction was supported by substantial evidence, and counsel was accordingly not ineffective for failing to preserve the sufficiency-of-the-evidence issue for appeal. The trial court was therefore not clearly erroneous in denying relief on this point.[1]

1. In his original Rule 37.1 petition, appellant raised an alternative argument on this first point, asserting that, had counsel's directed-verdict motion included a motion to reduce the charges to negligent homicide based on the lack of evidence presented, the charge would have been reduced. The circuit court did not provide a ruling on this argument, and appellant properly filed a motion seeking a ruling, which the circuit court also denied. Failure to obtain a ruling on an issue precludes our review of that issue on appeal. *Sykes v. State*, 2011 Ark. 412, 2011 WL 4635021 (per curiam). However, while we stress that the circuit court should have provided a ruling on the omitted issue, we note that, even had the issue been preserved for our review, because the first-degree-murder

Appellant's second argument on appeal is that trial counsel was ineffective for failing to request three specific jury instructions: (1) the "mere presence" jury instruction, AMI Crim.2d 404, which would have informed the jury that the mere presence, acquiescence, silence, or knowledge that a crime is being committed, in the absence of a legal duty to act, is not sufficient to make one an accomplice; (2) an instruction based on Arkansas Code Annotated section 5-2-406 (Repl.2005), which would have specified that appellant was only criminally liable for the degree of the offense that was consistent with his culpable mental state or his accountability for an aggravating fact or circumstance; and (3) an instruction based on Arkansas Code Annotated ⌊₆section 5-2-403, which would have altered AMI Crim.2d 401 to require that the jury determine whether appellant was acting with the requisite mental state for a murder conviction in order to hold him liable as an accomplice to that murder.

According to appellant, these instructions, both collectively and separately, would have established that appellant could not be convicted solely based on his presence at the murder scene, that the State had to prove some specific intent to cause the murder in order to convict appellant therefor, and that appellant could only be convicted of a degree of homicide that matched his personal culpability. Appellant argues that omitting these instructions fell below a reasonable standard of care, and there was no strategic or tactical reason for leaving this omission. Further, appellant argues that prejudice is established under *Strickland* because there is a reasonable probability that appellant would have been acquitted or convicted of

a lesser offense had these instructions been given.

■ Regarding the "mere presence" instruction, we have repeatedly held that it is implicit in the accomplice-liability instruction—which states that a party must solicit, advise, encourage, coerce, aid, agree to aid, or attempt to aid the principal to commit the crime—that mere presence or acquiescence at the crime scene is not enough. *See Henderson v. State,* 349 Ark. 701, 80 S.W.3d 374 (2002) (citing *Jones v. State,* 336 Ark. 191, 984 S.W.2d 432 (1999)); *Calloway v. State,* 330 Ark. 143, 953 S.W.2d 571 (1997); *Williams v. State,* 329 Ark. 8, 946 S.W.2d 678 (1997); *Webb v. State,* 326 Ark. 878, 935 S.W.2d 250 (1996). We have also held that where, as here, the defendant presented no evidence that he was merely present at the scene, and other evidence adduced at trial demonstrated that the defendant was a participant in the crime, the "mere ⌊₇presence" instruction is not warranted. *See Webb,* 326 Ark. 878, 935 S.W.2d 250. Additionally, failure to give the "mere presence" instruction when requested cannot be reversible error where, as here, AMI Crim.2d 401 was given. *See Henderson,* 349 Ark. 701, 80 S.W.3d 374. Even assuming *arguendo* that the "mere presence" instruction might have been warranted in the instant case, it follows logically from our holding in *Henderson* that trial counsel cannot be ineffective for failing to request an instruction that is "implicitly include[d]" in instructions that were given. *See id.*

■ As to the instruction based on Arkansas Code Annotated section 5-2-406, appellant argues that he was entitled to that instruction as a matter of law based

conviction was supported by substantial evidence, the omitted argument would not have

provided relief.

on our holding in *Jones*, in which we noted that "[s]ection 5–2–406 addresses the situation where two or more defendants are charged and tried together and where the degree of each defendant's culpability may differ." 336 Ark. 191, 984 S.W.2d 432 (citing *Blann v. State*, 15 Ark.App. 364, 695 S.W.2d 382 (1985)). However, we have also held that, "although [section 5–2–406] is a correct statement of the law, it is not a model jury instruction[,] and . . . it is unnecessary to give it when its substance is covered by other instructions." *Wilson v. State*, 364 Ark. 550, 222 S.W.3d 171 (2006) (citing *Ventress v. State*, 303 Ark. 194, 794 S.W.2d 619 (1990)); *see also Wallace v. State*, 270 Ark. 17, 603 S.W.2d 399 (1980); *Henderson v. State*, 284 Ark. 493, 684 S.W.2d 231 (1985). Furthermore, nonmodel jury instructions are to be given only when the circuit court finds that the model instructions do not accurately state the law or do not contain a necessary instruction on the subject at hand. *Jackson v. State*, 359 Ark. 297, 197 S.W.3d 468 (2004).

In the instant case, the jury was instructed as to what the State had to establish to convict |₈appellant and his codefendant of capital murder, first-degree murder, second-degree murder, and manslaughter. With respect to first-degree murder, for which they were both ultimately convicted, the jury was instructed that "the State . . . must prove that, with the purpose of causing the death of Wade Miller, they caused the death of Wade Miller." The jury was also told that "a person acts with purpose . . . when it is his conscious object to engage in conduct of that nature or to cause such a result." The jury was instructed on the meaning of accomplice as well. After being so instructed, the jury determined that appellant was not guilty of capital murder, but that he possessed the requisite mental state to be convicted of first-degree murder. Clearly, then, the fact that an instruction based on section 5–2–406 was not given was not in error, as its substance was covered by other instructions.

Additionally, we note that, to show prejudice under *Strickland* based on trial counsel's failure to request a specific instruction, the United States Supreme Court has held that an appellant must establish that it was "reasonably likely that the instruction would have made any difference [in the outcome of the trial] in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 130 S.Ct. 2250, 176 L.Ed.2d 1098 (2010). Here, presented with all of the aforementioned evidence of guilt, the jury convicted appellant of first-degree murder, and that conviction was supported by substantial evidence. Appellant has provided nothing other than bare conjecture that an instruction based on section 5–2–406 would have resulted in an acquittal or a conviction on a lesser charge, and, as such, he has not established prejudice under *Strickland* as defined in *Berghuis*.

 The third instruction that appellant argues that trial counsel should have proffered was |₉an instruction based on Arkansas Code Annotated section 5–2–403, which would have altered AMI Crim.2d 401 to require that the jury determine whether appellant was acting with the requisite mental state for a murder conviction in order to hold him liable as an accomplice to that murder. Appellant seems to overlook, however, that the jury was instructed as to the mental state required for each of the degrees of homicide. They then considered the evidence presented at trial and found that he had the requisite mental state for a first-degree-murder conviction. Appellant does not explain how, had trial counsel asked for an instruction based on section 5–2–406, the outcome would have been different. If appellant

had the culpable mental state to be convicted of first-degree murder, that would not change simply by instructing the jury that appellant had to have that same culpable mental state to be convicted as an accomplice to first-degree murder. *See Whiteside v. State,* 2011 Ark. 371, 383 S.W.3d 859 (citing *Lawshea v. State,* 2009 Ark. 600, 357 S.W.3d 901) (holding that there is no distinction between principals and accomplices insofar as criminal liability is concerned). Appellant therefore cannot establish prejudice on this claim, and counsel was not ineffective under *Strickland. See Berghuis,* 560 U.S. 370, 130 S.Ct. 2250. Furthermore, because none of the arguments regarding trial counsel's failure to request certain instructions was meritorious, the circuit court was not clearly erroneous in denying relief based on these arguments.

■ For his third argument on appeal, appellant argues that trial counsel's failure to seek severance of appellant's trial from that of his codefendant amounted to ineffective assistance of counsel. Specifically, appellant claims that the facts of this case weighed heavily in favor of severance, that there was no strategic reason not to move for a severance, and that there is a reasonable probability that appellant would have been acquitted if he had been tried separately. In its order denying postconviction relief, the circuit court determined that the defenses were not antagonistic to one another, as neither defendant blamed the other for the shooting, both based their defenses on the lack of credibility of the witnesses and failure of the state to present sufficient evidence to support a conviction, and none of the evidence brought forth by either defendant tended to inculpate the other defendant. As such, the circuit court held that appellant had not established prejudice under *Strickland.* We agree.

■ Generally, the decision about whether to seek a severance is one of trial strategy and is not grounds for postconviction relief. *See Pyle v. State,* 340 Ark. 53, 8 S.W.3d 491 (2000) (citing *Coston v. State,* 284 Ark. 144, 680 S.W.2d 107 (1984)); *see also Kemp v. State,* 348 Ark. 750, 74 S.W.3d 224 (2002). This is true even where two defendants are represented by a single attorney. *See Harrison v. State,* 371 Ark. 474, 268 S.W.3d 324 (2007). Unless the defendants' conflicting trial strategies go to the essence of the defenses and are so great that both defenses cannot be accommodated by the jury, severance is not required, and counsel cannot be ineffective for failing to request it. *See Williams v. State,* 338 Ark. 178, 992 S.W.2d 89 (1999).

In the instant case, appellant argued that trial counsel should have moved for a severance because the codefendants' defenses were antagonistic to one another inasmuch as "it should have been argued that [appellant] had no involvement even if [his codefendant] had." Any argument based on what strategy of defense should have been used, however, is without merit, as trial counsel's decisions regarding what theory of the case to pursue represent the epitome of trial strategy. *Flowers v. State,* 2010 Ark. 364, 370 S.W.3d 228 (per curiam) (citing *Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006)). It is accordingly not a proper basis for relief under Rule 37.1. *Id.* (citing *Smith v. State,* 2010 Ark. 137, 361 S.W.3d 840 (per curiam)).

Appellant also argues that the facts of the case supported severance under *Williams* because the evidence was difficult to segregate; appellant had no criminal record, but his codefendant did; and the evidence was stronger against the codefendant. *See Williams v. State,* 338 Ark. 178, 992 S.W.2d 89 (1999) (delineating seven factors a court is to consider when

deciding whether severance is warranted). Appellant does not specify why the evidence was difficult to segregate, and this conclusory argument will not warrant post-conviction relief. *See Payton v. State,* 2011 Ark. 217, 2011 WL 1805340. Likewise, although he cites to our decision in *McDaniel v. State,* 278 Ark. 631, 648 S.W.2d 57 (1983), appellant does not explain how the factors that he identified established that he was "unduly jeopardized by a joint trial." We are not persuaded by appellant's conclusory allegation that, had the trials been severed, there is a reasonable probability that he would have been acquitted, and the circuit court was not clearly erroneous in determining that appellant failed to establish prejudice under *Strickland.*

▮ Appellant's final point on appeal is that trial counsel was ineffective for failing to properly argue that a witness's prior inconsistent statement could be considered by the jury for the truth of the matter asserted. At trial, a witness testified that he did not see the earlier altercation between the defendants and the victim, but that, apparently, appellant was not involved in that fight because he was in the codefendant's car. The witness was then presented with his earlier statement to police, in which he averred that appellant had been involved in the altercation. Appellant argues that trial counsel was ineffective for failing to object to the introduction of this statement or ask for a limiting instruction, which he argues he was entitled to, as this was a prior, unsworn inconsistent statement. According to appellant, the failure to ask for this instruction or to object to the statement outright resulted in the jury's considering the prior statement for the truth of the matter asserted rather than solely going to the credibility of the witness. The circuit court denied relief on this point, finding that the writing was not introduced

into evidence, that the witness merely used it to refresh his memory, and that trial counsel cross-examined the witness regarding the discrepancies.

Arkansas Rule of Evidence 613(b) (2011) prohibits the introduction of extrinsic evidence of a prior inconsistent statement unless the person who made the statement is given a chance to explain the inconsistencies and the opposing party is given an opportunity to cross-examine the witness as to the prior statement. Here, however, the prior statement was not introduced into evidence, so the strictures of Rule 613(b) do not apply. Instead, the witness merely used the prior statement to refresh his memory, and he then testified once his memory was refreshed. Such situations are governed by Rule of Evidence 612(a), which required that the actual written statement be produced at trial and appellant be given an opportunity to cross-examine the witness regarding the statement, both of which occurred here.

▮ Trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Flowers,* 2010 Ark. 364, 370 S.W.3d 228; *see Johnson v. State,* 2009 Ark. 552, 2009 WL 3681646; *Greene v. State,* 356 Ark. 59, 146 S.W.3d 871 (2004). Because appellant did not establish that there was any basis upon which trial counsel could have objected to the prior statement being used in the manner in which it was, and because he did not establish that there was any relevant limiting instruction that appellant should have sought, appellant accordingly failed to demonstrate that any objection to the statement or request for a limiting instruction would have been meritorious, and he thus failed to establish that the circuit court was clearly erroneous in determining that his trial counsel was not ineffective. *See Flowers,* 2010 Ark. 364, 370 S.W.3d 228.

Based on all of the foregoing, we determine that none of the arguments advanced by appellant was meritorious, and the circuit court did not clearly err in finding that trial counsel was not ineffective. Therefore, the circuit court's order denying postconviction relief is affirmed.

Affirmed.