2012 Ark. 184

**Rickey C. STRAIN, Jr., Petitioner**

v.

**STATE of Arkansas, Respondent.**

**No. CR 10–888.**

Supreme Court of Arkansas.

April 26, 2012.

Jeff Rosenzweig, Little Rock, for appellant.

No response from appellee.

PER CURIAM.

Petitioner Rickey C. Strain, Jr., was convicted by a Jefferson County jury of first-degree murder and was sentenced to 300 months' incarceration in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Strain v. State,* 2009 Ark. App. 99, 2009 WL 398117 (unpublished). Appellant subsequently filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009), in which he argued, inter alia, that trial counsel had been ineffective for failing to seek the appropriate jury instructions regarding accomplice liability. That petition was

denied following an evidentiary hearing, and this court affirmed. *Strain v. State,* 2012 Ark. 42, 394 S.W.3d 294 (per curiam).

Now before us is petitioner's petition for rehearing pursuant to Arkansas Supreme Court Rule 2–3(g) (2012), asserting specific errors of law or fact that our opinion is thought to contain. Specifically, petitioner argues that this court "misconstrued his arguments" with regard to the three accomplice-related instructions that he claims should have been given by the trial court and that this court's statement regarding petitioner's failure to obtain a ruling on an issue was an incorrect statement of law. Because we find that the opinion contains no such errors, the |₂petition for rehearing is denied.

■ Petitioner's first allegation of error by this court concerns the "mere presence" instruction, and he argues that this court incorrectly determined that petitioner had presented no evidence that he was merely present at the crime scene. According to petition, this holding overlooked two important facts: petitioner did not have the burden of proof, even on the mere-presence issue; the "whole thrust" of petitioner's cross-examination of witnesses, as summarized in a hypothetical motion for directed verdict, was that he was merely present. Petitioner misconstrues our holding on this issue, however.

In our opinion affirming the circuit court's denial of postconviction relief, we noted that we have repeatedly held that it is implicit in the accomplice-liability instruction—which states that a party must solicit, advise, encourage, coerce, aid, agree to aid, or attempt to aid the principal to commit the crime—that mere presence or acquiescence at the crime scene is not enough. *See Strain,* 2012 Ark. 42, 394 S.W.3d 294 (citing *Henderson v. State,* 349 Ark. 701, 80 S.W.3d 374 (2002)); *see also Jones v. State,* 336 Ark. 191, 984 S.W.2d 432 (1999). Additionally, we explained that the failure to give the "mere presence" instruction, even when it was properly requested, cannot be reversible error where, as here, AMI Crim.2d 401 was given. *See Strain,* 2012 Ark. 42, 394 S.W.3d 294. Furthermore, while recognizing that we have held that the instruction is not necessary in cases where a defendant proffers no evidence that he was merely present, we stated:

> Even assuming arguendo that the "mere presence" instruction might have been warranted in the instant case, it follows logically from our holding in *Henderson* that trial counsel cannot be ineffective for failing to request an instruction that is "implicitly include[d]" in instructions that were given.

*Id.* (citing *Henderson,* 349 Ark. 701, 80 S.W.3d 374). Thus, it is clear that our holding on this |₃point was not based on petitioner's failure to introduce evidence that he was merely present at the scene, but, rather, on the fact that the failure to request the instruction could not be reversible error sufficient to establish prejudice in an ineffective-assistance claim if the instruction was implicitly included in an instruction that was given. Accordingly, we do not find that our decision on this point contained any error of fact or law.

■ The second error alleged by petitioner regards our ruling on his argument that trial counsel was ineffective for failing to request an instruction based on Arkansas Code Annotated section 5–2–403(b) (Repl.2006), which would have altered AMI Crim.2d 401 to require that the jury determine whether petitioner was acting with the requisite mental state for a murder conviction in order to hold him liable as an accomplice to that murder. According to petitioner, our holding was based on Arkansas Code Annotated section 5–2–403(a), which does not apply in cases where caus-

ing a particular result is an element of the crime. Rather, argues petitioner, our analysis should have centered on section 5–2–403(b), which limits accomplice liability for a crime to a defendant who, with respect to a particular result, is acting with the kind of culpable mental state sufficient for the commission of the underlying offense. Here again, petitioner misstates our holding.

In our opinion, we held that the jury was instructed as to the mental state required for each of the degrees of homicide, that the jury considered the evidence presented at trial, and that they found that petitioner had the requisite mental state for a first-degree-murder conviction. *Strain,* 2012 Ark. 42, 394 S.W.3d 294. As applicable to petitioner's case, to obtain a conviction for first-degree murder, the State must establish beyond a reasonable doubt that, "with purpose of causing the death of another person, the person causes the death of another person." Ark.Code Ann. § 5–10–102. Therefore, as we explained, petitioner's conviction meant that the jury had found that petitioner had the requisite mental state for first-degree murder. *See Strain,* 2012 Ark. 42, 394 S.W.3d 294. We also held that petitioner failed to demonstrate prejudice as required for an ineffective-assistance claim in that he failed to explain how, had counsel requested a modification to AMI Crim.2d 401 based on Arkansas Code Annotated section 5–2–403(b), the result of the proceeding—a conviction for first-degree murder—would have been different. *Id.; see Simmons v. State,* 2012 Ark. 58, 2012 WL 401608 (per curiam) (holding that a petitioner who alleges ineffective assistance of counsel must demonstrate prejudice by showing how the fact-finder's decision would have been different absent counsel's errors). Therefore, both because our decision was based on the applicability of Arkansas Code Annotated section 5–2–403(b) and because pe-

titioner's failure to demonstrate prejudice was fatal to his ineffective-assistance claim on this point, petitioner's allegation of error is without merit.

Petitioner's final allegation of error by this court concerns an instruction based on Arkansas Code Annotated section 5–4–406, and he argues that he was entitled as a matter of law to an instruction that he was only criminally liable for the degree of the offense that was consistent with his culpable mental state or his accountability for an aggravating fact or circumstance. Further he argues that our holding in *Jones,* 336 Ark. 191, 984 S.W.2d 432, requires this instruction in cases where two or more defendants are charged and tried together if the degree of each defendant's culpability may differ. On this, petitioner is mistaken.

As we explained when affirming the circuit court's denial of postconviction relief, we have repeatedly held that, "although [section 5–2–406] is a correct statement of the law, it is not a model jury instruction[,] and . . . it is unnecessary to give it when its substance is covered by other instructions." *Strain,* 2012 Ark. 42, 394 S.W.3d 294 (quoting *Wilson v. State,* 364 Ark. 550, 222 S.W.3d 171 (2006)); *see Ventress v. State,* 303 Ark. 194, 794 S.W.2d 619 (1990). Furthermore, non-model jury instructions are to be given only when the circuit court finds that the model instructions do not accurately state the law or do not contain a necessary instruction on the subject at hand. *Strain,* 2012 Ark. 42, 394 S.W.3d 294 (citing *Jackson v. State,* 359 Ark. 297, 197 S.W.3d 468 (2004)). Finally, we found that the jury was instructed as to what the State had to establish to convict appellant and his co-defendant of capital murder, first-degree murder, second-degree murder, and manslaughter; that "a person acts with purpose . . . when it is his

conscious object to engage in conduct of that nature or to cause such a result"; and on the meaning of "accomplice." *Strain*, 2012 Ark. 42, 394 S.W.3d 294. Thus, petitioner is incorrect that an instruction based on section 5–2–406 was mandatory, and his allegation that our opinion contained an error of fact or law on this point is without merit.

■ In addition to the specific arguments enumerated above, petitioner makes a broad assertion of error that an "implicit [instruction] is simply not good enough," and, "if the law is explicit, a litigant should be entitled to such an explicit statement." Yet, in the context of both the "mere presence" instruction and the section 5–2–406 instruction, such an argument ignores our line of cases holding precisely the opposite. *See, e.g., Wilson*, 364 Ark. 550, 222 S.W.3d 171 (holding that there is no requirement to give a section 5–2–406 instruction when its substance is covered by other instructions); *Henderson*, 349 Ark. 701, 80 S.W.3d 374 (holding that failure to give AMI Crim.2d 404—the "mere presence" instruction—was not reversible error where it was implicit in other instructions that were given). This court does not lightly overrule cases, and we apply a strong presumption in favor of the validity of prior decisions. *Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003). Petitioner has failed to overcome this presumption. Petitioner also fails to cite to any authority in support of his contention that he should have been "entitled to" an explicit statement of these instructions, and we will not entertain arguments unsupported by any legal authority. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918 (citing *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003)).

■ In addition to the allegations of error based on the accomplice-related instructions, petitioner also argues that this court erred in determining that petitioner's failure to obtain a ruling on an argument precluded our review of that argument on appeal. Specifically, petitioner focuses on this paragraph from the opinion:

> In his original Rule 37.1 petition, appellant raised an alternative argument on this first point, asserting that, had counsel's directed-verdict motion included a motion to reduce the charges to negligent homicide based on the lack of evidence presented, the charge would have been reduced. The circuit court did not provide a ruling on this argument, and appellant properly filed a motion seeking a ruling, which the circuit court also denied. Failure to obtain a ruling on an issue precludes our review of that issue on appeal. However, while we stress that the circuit court should have provided a ruling on the omitted issue, we note that, even had the issue been preserved for our review, because the first-degree-murder conviction was supported by substantial evidence, the omitted argument would not have provided relief.

*Strain*, 2012 Ark. 42, at 5 n. 1, 394 S.W.3d 294 (internal citation omitted). Petitioner asserts that this paragraph "is an explicit invitation to circuit judges to deny Rule 37 petitioners federal and state constitutional guarantees of due process of law and creates a pathway to repeated violations of Art. 2 Sec. 15 of the Arkansas Constitution, which guarantees remedies for the enforcement of rights." He further argues that, because he filed a motion seeking a ruling on the omitted issue, there was nothing more that he could do, and that he should not be "punished" with a procedural default for failure to obtain a ruling if he did everything in his power to obtain it.

■ This argument is without merit inasmuch as petitioner is incorrect that

there was nothing more that he could do to obtain a ruling on the issue. While Arkansas Rule of Criminal Procedure 37.2(d) (2012) states that "no petition for rehearing shall be considered" following the denial of a petition for postconviction relief, petitioner correctly notes that we have specifically held that a request that the trial court modify its order to include an omitted issue is not a request for a rehearing that is prohibited by this rule. *See, e.g., Beshears v. State,* 340 Ark. 70, 8 S.W.3d 32 (2000). However, contrary to petitioner's assertions, where a petition requests the circuit court to provide a ruling on an omitted issue and the circuit court fails to do so, the petitioner is not without recourse; he or she may file a petition for writ of mandamus in this court, requesting that this court direct the circuit court to act on the motion to provide the requested ruling(s).

We have held that a writ of mandamus can be granted to compel the circuit court to act on a petition filed under this rule. *Costillo v. Goodson,* 288 Ark. 639, 707 S.W.2d 776 (1986); *see also Ladwig v. Davis,* 340 Ark. 415, 10 S.W.3d 461 (2000). A writ of mandamus is appropriate where (1) the duty to be compelled is ministerial and not discretionary; (2) the petitioner has shown a clear and certain right to the relief sought; (3) the petitioner lacks any other adequate remedy. *See Russell v. Webb,* 2011 Ark. 307, 2011 WL 3137341 (per curiam) (citing *Parker v. Crow,* 2010 Ark. 371, 368 S.W.3d 902).

Our holdings clearly demonstrate that a request for rulings on omitted issues is ministerial and not discretionary. *See Russell,* 2011 Ark. 307, 2011 WL 3137341 (holding that filing a request for a ruling on any omitted issues is the remedy available to a Rule 37.1 petitioner who wishes to avoid procedural default on those issues); *see generally Matthews v. State,* 333 Ark. 701, 975 S.W.2d 836 (1998) (holding that a request that a circuit court modify its order to include an omitted issue cannot be denied as being a request for rehearing that is prohibited by Rule 37.2(d)). Similarly, it is clear that a petitioner who requests rulings on omitted issues has a clear and certain right to the relief sought. *See Russell,* 2011 Ark. 307, 2011 WL 3137341. Finally, because a subsequent petition for postconviction relief is not available, and because this court cannot rule on issues where the circuit court fails to provide a ruling, there is an absence of any other adequate remedy. *See id.; see also Beshears,* 340 Ark. 70, 8 S.W.3d 32.

Based on all of the foregoing, we find that our opinion in *Strain,* 2012 Ark. 42, 394 S.W.3d 294, did not contain any errors of fact or law that would warrant granting the instant petition for rehearing. Thus, the petition is denied.

Petition denied.