SLIP OPINION

# SUPREME COURT OF ARKANSAS.

**No.** CR–08–616

| | |
|---|---|
| RICKEY C. STRAIN, JR.<br>**PETITIONER**<br><br>V.<br><br>STATE OF ARKANSAS<br><br>**RESPONDENT** | **Opinion Delivered** March 16, 2017<br><br>PRO SE PETITION TO RECALL MANDATE TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND OTHER POSTCONVICTION RELIEF [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-05-937]<br><br><u>PETITION DENIED</u>. |

**PER CURIAM**

In 2008, petitioner Rickey C. Strain Jr. was found guilty by a jury of first-degree murder and was sentenced to 300 months' imprisonment. The Arkansas Court of Appeals affirmed. *Strain v. State*, 2009 Ark. App. 99. Strain, with counsel, subsequently timely filed in the trial court a verified petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009) that was denied. This court affirmed. *Strain v. State*, 2012 Ark. 42, 394 S.W.3d 294 (per curiam).[1]

---

[1] Strain sought rehearing, and this court denied rehearing finding no errors of law or fact in this court's opinion as alleged by Strain. *Strain v. State*, 2012 Ark. 184, 423 S.W.3d 1 (per curiam).

Now before this court is Strain's pro se petition to recall the mandate to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[2] Strain contends he is entitled to relief because there were inconsistent statements by Tommy Forrest and Jimmy Massey; there was no mens rea to connect him to having fired the gun or having killed anyone; reports indicated that the codefendant shot and killed the victim; the trial and appellate courts relied on his mere presence during the crime for a finding of guilt; and the State withheld evidence that witnesses had been bribed in exchange for their testimony.

Before addressing the merits of Strain's claims for relief, a recitation of the evidence adduced at his trial is necessary. Although Strain's challenge to the sufficiency of the evidence was not addressed on direct appeal, the evidence presented was summarized. *Strain*, 2009 Ark. App. 99. Two key witnesses, Jimmy Massey and Tommy Forrest, Jr., testified about the death of Wade Miller who was killed near the 12th Street bridge in Pine Bluff on September 6, 2005. Massey testified that about 4:00 a.m. on September 6, 2005,

---

[2]Although Strain's petition references a request to recall the mandate, even if liberally construed as such a request, that remedy would be unavailable as an alternative form of relief. Such motions are applicable to redress errors in the appellate process—meaning an error that this court made or overlooked while reviewing a case where the death penalty was imposed. *Ward v. State*, 2015 Ark. 61, 455 S.W.3d 818, *cert. denied*, ___ U.S. ___ (2015); *see Bienemy v. State*, 2016 Ark. 312, 498 S.W.3d 288 (per curiam). The death penalty was not imposed in Strain's case, and outside a generalized, conclusory allegation contained in his petition that some defects exist within the appellate and trial processes, Strain's allegations do not pertain to errors made in the appellate process.

SLIP OPINION

he met Strain and Walter Sims, Strain's codefendant, at a liquor store to buy cocaine from Sims. Strain and Sims arrived in a car. After buying the drugs, Massey walked away, and Strain and Sims drove away. After approximately ten minutes, as he approached 12th Street, Massey saw the same car that Strain and Sims had been driving parked by the curb, and he saw Sims fighting with someone and then saw Sims fire a weapon. The next day Sims told Massey not to tell anyone. When questioned at trial about a pretrial statement, Massey testified that he "saw the same two people that [he] had met just prior to his kicking the crap out of someone and then I saw them shoot." Massey indicated that his recollection was likely more clear when he gave his statement than when he testified at trial.

Forrest testified that he had known Sims all of his life and that he knew Strain because he was often at Sims's house. Forrest and the victim, Miller, were walking down 12th Street at 4:00 a.m. on September 6, 2005, to go to the bait shop, where Forrest was going to meet with a man who owed him money. As they were walking, a car pulled up, and Miller walked over to the car to talk. Forrest continued walking down 12th Street. When Forrest got to the end of the street, he turned around and saw Sims and Strain beating up Miller. He saw Miller running and heard gunshots. Forrest testified that he did not see who was shooting because he ran across the street and hid in the ditch. Forrest then saw the car that Sims and Strain had been driving leave the area.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397,

3

17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524; *see Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

As grounds for issuance of the writ, Strain contends that there was a defect in the case due to inconsistent statements made by Forrest, who gave differing pretrial statements on September 14, 2005, and March 22, 2006. Strain further contends that his trial counsel, the prosecutor, or the court should have "caught" these inconsistencies. Along these lines, Strain also argues that a pretrial statement made by Massey on March 6, 2006, is inconsistent with a statement made on September 14, 2005. Moreover, Strain contends that the evidence was insufficient to convict him and was misleading, misinforming, and

"misinstructing" to the jury. None of these claims raised by Strain fall within the purview of a coram nobis proceeding because they are not errors found in one of the four above-referenced categories of error, i.e., insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession.[3] *Howard*, 2012 Ark. 177, 403 S.W.3d 38.

Issues concerning the sufficiency of the evidence are not cognizable in coram nobis proceedings. *Ventress v. State*, 2015 Ark. 181, 461 S.W.3d 313 (per curiam). The question of the sufficiency of the evidence is to be settled at trial and on the record on direct appeal. *Carter v. State*, 2016 Ark. 378, 501 S.W.3d 375 (per curiam). Both Massey and Forrest testified—Massey even noted that his prior statements were more accurate during his testimony—and their testimony was subject to cross-examination by the defense and the circumstances of the pretrial statements could have been brought out. *See Grant v. State*, 2016 Ark. 82, at 5, 484 S.W.3d 272, 276 (per curiam). Issues concerning the credibility of the witnesses are matters to be settled at trial and are not cognizable in coram nobis proceedings. *See Pinder v. State*, 2015 Ark. 423, at 4–5, 474 S.W.3d 490, 496 (per curiam). Moreover, this court has repeatedly held that ineffective-assistance-of-counsel and trial-error claims are not grounds for the writ. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524; *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. Claims of ineffective assistance of counsel are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule

---

[3]Although the four categories are not set in stone, the remedy of coram nobis remains an extraordinary remedy. *See Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716.

SLIP OPINION

of Criminal Procedure 37.1 (2016). *Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam). A petition for writ of error coram nobis is not a substitute for raising an issue under Rule 37.1. *Travis v. State*, 2014 Ark. 82 (per curiam). As to the allegations of trial error, by its very nature, an issue concerning a trial court's ruling could have been settled in the trial court and on the record on direct appeal. *Johnson v. State*, 2015 Ark. 170, at 5, 460 S.W.3d 790, 794 (per curiam). Accordingly, the allegation that the trial court made some mistake in its rulings, including rulings concerning the admissibility of evidence, is not within the purview of a coram nobis proceeding. *See Smith v. State*, 2015 Ark. 188, 461 S.W.3d 345 (per curiam).

Strain further argues that there was no evidence introduced and no connection linking him to the crime as the person who fired the gun or who killed anyone; he contends that a report indicated it was his codefendant who shot the victim. Strain's arguments regarding his mere presence or accomplice claims are essentially claims that the evidence was not sufficient to sustain the judgment of conviction. *See Wallace v. State*, 2015 Ark. 349, at 11, 471 S.W.3d 192, 199 (per curiam) (Wallace's allegation was that the acts of his accomplices, rather than any act by him that was proved at trial, caused the victim's death, which is an argument against the sufficiency of the evidence.). Again, this court has held that issues concerning the sufficiency of the evidence are not cognizable in coram nobis

SLIP OPINION

proceedings. *Philyaw v. State*, 2014 Ark. 130 (per curiam). The question of the sufficiency of the evidence is to be settled at trial and on the record on direct appeal.[4] *Id.*

Finally, Strain contends that the trial court allowed evidence to be withheld because the two star witnesses received leniency in exchange for their testimony, arguably alleging a *Brady v. Maryland*, 373 U.S. 83 (1963) violation. However, Strain specifically references only one witness, Forrest, by stating that the "record is clear."

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been

---

[4]This court addressed Strain's mere-presence and accomplice claims in his Rule 37 appeal. Strain presented no evidence that he was merely present at the scene, and other evidence adduced at trial demonstrated that he was a participant in the crime, making the "mere presence" instruction he desired unwarranted. *Strain*, 2012 Ark. 42, at 6–7, 394 S.W.3d at 299. During Strain's trial, the jury was instructed on the meaning of accomplice and was instructed that "the State . . . must prove that, with the purpose of causing the death of Wade Miller, they caused the death of Wade Miller." *Strain*, 2012 Ark. 42, at 8, 394 S.W.3d at 300. The jury determined Strain was not guilty of capital murder but that he possessed the requisite mental state to be convicted of first-degree murder—that he was more than merely present. *Id.* Moreover, this court noted that trial counsel was not ineffective for failing to proffer an instruction pursuant to Arkansas Code Annotated section 5-2-403, defining an accomplice, or an instruction pursuant to Arkansas Code Annotated section 5-2-406, on culpability when two or more persons are criminally liable, because the jury found that Strain had the culpable mental state to be convicted of first-degree murder, notwithstanding the lack of those instructions. *Strain*, 2012 Ark. 42, at 9, 394 S.W.3d at 301–02.

different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, 403 S.W.3d 38.

To warrant coram nobis relief, the defendant must have been unaware of the fact alleged to have been unknown to the trial court at the time of trial, and he could not have discovered the fact with the exercise of due diligence. *Stenhouse v. State*, 2016 Ark. 295, at 7–8, 497 S.W.3d 679, 684 (per curiam). Moreover, the court is not required to accept at face value the allegations of the petition. *Chatmon v. State*, 2015 Ark. 417, at 2, 473 S.W.3d 542, 544 (per curiam). Strain fails to establish a *Brady* violation because he alleges evidence was withheld by the trial court, and a *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the prosecution. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. Assertions of trial error are not cognizable in a coram nobis proceeding. *Johnson*, 2015 Ark. 170, at 5, 460 S.W.3d at 794. By their very nature, claims of trial error could have been settled at trial and on the record on direct appeal; therefore, allegations of trial error, even if of constitutional dimension, are not within the purview of a coram nobis petition. *Id*.

Petition denied.