

# SUPREME COURT OF ARKANSAS

No. CR-14-897

| | | |
|---|---|---|
| | | **Opinion Delivered** December 11, 2014 |
| ROY LEE RUSSELL | APPELLANT | PRO SE MOTION FOR DUPLICATION OF APPELLANT'S BRIEF AT PUBLIC EXPENSE |
| V. | | [DESHA COUNTY CIRCUIT COURT, NO. 21CR-12-10] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE SAM POPE, JUDGE |
| | | <u>REVERSED AND REMANDED;</u> <u>MOTION MOOT.</u> |

## PER CURIAM

In 2013, appellant Roy Lee Russell was found guilty by a jury of second-degree battery and the offense of being a felon in possession of a firearm. He was sentenced as a habitual offender to 180 months' imprisonment and fined $10,000 for second-degree battery and sentenced to 480 months' imprisonment and fined $15,000 for the possession-of-a-firearm conviction. The sentences were ordered served consecutively. The Arkansas Court of Appeals affirmed on June 4, 2014. *Russell v. State*, 2014 Ark. App. 357.

On June 12, 2014, appellant filed in this court a petition for review.[1] The petition was denied, and the final mandate in the case was issued on September 4, 2014. On September 11, 2014, appellant filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013), challenging the judgment. The trial court denied the petition on the ground that it lacked jurisdiction to consider it. There was no explanation in the court's order as to the basis on which the court concluded that it lacked

---

[1]*Russell v. State*, CR-14-531.

jurisdiction to consider the petition, which was timely filed pursuant to Rule 37.2(c). Under Rule 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. Appellant filed his petition seven days after the mandate was issued.

Appellant has lodged an appeal here from the trial court's order, and he now asks that his brief-in-chief be duplicated at public expense. Even though appellant ultimately tendered the number of copies of the brief required, in the interest of judicial economy, we take this opportunity to reverse the trial court's order as there was no reason given by the court for dismissing the petition. We remand the matter so that the trial court may enter an order setting out the basis for the dismissal of the petition. Should the court determine that its initial conclusion that it was without jurisdiction to act on the petition was in error, it should enter an order in accordance with Rule 37.3(a). When a petition for postconviction relief is denied without an evidentiary hearing, Rule 37.3(a) requires that the court specify "any parts of the files, or records that are relied upon to sustain the court's findings."

It should be noted that, if the trial court's order on remand is again adverse to appellant and appellant desires review of the order by this court, he will be required to perfect an appeal from the new order in accordance with the prevailing rules of procedure. *See Walden v. State*, 2014 Ark. 10 (per curiam).

Reversed and remanded; motion moot.

*Roy Lee Russell*, pro se appellant.

No response.