

# SUPREME COURT OF ARKANSAS

No. CR-15-40

| | | |
|---|---|---|
| JOSEPH ADKINS | | **Opinion Delivered** September 24, 2015 |
| | APPELLANT | |
| V. | | PRO SE MOTION TO FILE BELATED REPLY BRIEF AND PRO SE APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT |
| STATE OF ARKANSAS | | [NO. 43CR-13-128] |
| | APPELLEE | |
| | | HONORABLE BARBARA ELMORE, JUDGE |
| | | AFFIRMED; MOTION DENIED. |

**PER CURIAM**

In 2013, appellant Joseph Adkins entered guilty pleas to two counts of aggravated robbery and one count of theft of property, and residential burglary.[1] The trial court imposed an aggregate sentence of 360 months' imprisonment in the Arkansas Department of Correction, with an additional 120 months' suspended. Adkins filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that the trial court dismissed for lack of verification. On appeal of that order, this court held that the verification attached to a separate but contemporaneously filed motion was adequate, and we reversed and remanded for the trial court to address the merits of the petition. *Adkins v. State*, 2014 Ark. 349, 438 S.W.3d 914 (per curiam). On remand, the trial court entered an order that denied and dismissed the petition. Adkins lodged an appeal of the new order in this court, and, after the briefs were

---

[1]The judgment reflects that the pleas for theft of property and residential burglary were negotiated pleas and that the pleas on the two counts of aggravated robbery were made directly to the court.

submitted, he filed this motion to file a belated reply brief. We deny the motion and affirm the order.

The State filed its brief on April 3, 2015. Our rules required that Adkins submit copies of his reply brief within fifteen days of that date. Ark. Sup. Ct. R. 4-7(d)(3) (2014). The end of the required period fell on a weekend day, and the last day for filing the reply brief was therefore extended until Monday, April 20, 2015. Ark. R. Crim. P. 1.4. Adkins tendered a reply brief to this court on April 28, 2015. The tendered brief was returned to Adkins because it was not timely submitted and because it was overlength.

In his motion, Adkins seeks to establish cause for the delay in his tender of the brief by alleging that he had believed that the time period for filing the brief was thirty days and that he was unaware of the actual time limitation. Adkins indicates that he must rely on other inmates, who are not well versed in the law, for assistance. He also alleges that the postmark for service on him of the State's brief indicates that the brief, which had been filed on a Friday, had not been posted until the following Monday and that he did not receive the brief until April 7, 2015.

Adkins asserts that the time frame should be extended for the circumstances, but, even with the extension he seeks, the reply brief was still submitted well after the filing deadline.[2] Adkins contends that this court should excuse the delay in filing because the State failed to timely post its responsive brief. Rule 1.4 allows adequate additional time in consideration of such potential posting delays. Even if the prescribed period of time had been extended so that

---

[2]Adkins also appears to contend that the computation procedures from Arkansas Rule of Civil Procedure 6(a) should apply to exclude intermediate weekend days. Rule 6 only provides for the exclusion of intermediate weekend days where the prescribed time period is less than fourteen days, and the exclusion would therefore not apply under any circumstances.

SLIP OPINION

it commenced on the date that Adkins contends that he received the brief, the reply brief would not have been timely submitted. The circumstances that Adkins points to do not establish cause for the delay.

As for Adkins's claim that he was unaware of the time limitations, his ignorance of the applicable procedural rules does not excuse him from conforming to the prevailing rules of procedure. *See Butler v. State*, 2015 Ark. 173 (per curiam). We need not consider Adkins's arguments concerning the length of the reply brief because he failed to demonstrate good cause for filing the reply brief outside the required time.

We next turn to Adkins's appeal of the order that denied postconviction relief. Adkins's Rule 37.1 petition alleged a number of claims of ineffective assistance of counsel. He also alleged that his confession was coerced, that evidence was obtained from an unlawful arrest, that there was prosecutorial misconduct resulting from the prosecutor's having employed and having known the victims, and that Adkins was denied a fair trial as a result of this relationship between the prosecutor and the victims. Adkins's final claim in the petition was that he was mentally incompetent.

The trial court denied the Rule 37.1 petition without a hearing. In the order denying relief, the trial court pointed to portions of the record that contradict a number of Adkins's claims, found that some claims were conclusory, and indicated that Adkins's claims of ineffective assistance of counsel did not satisfy the applicable standard because the claims did not demonstrate prejudice.

This court will not reverse the trial court's decision granting or denying postconviction

SLIP OPINION

relief unless it is clearly erroneous. *Houghton v. State*, 2015 Ark. 252, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

On appeal, Adkins asserts that the trial court's findings were insufficient and that he should have been provided an attorney and a hearing to vet issues concerning trial strategy. He raises a number of claims concerning counsel's failure to challenge the sufficiency of the information charging him, counsel's failure to challenge the determination of his competency, and the trial court's failure to follow proper procedure in accepting his plea. Some of Adkins's arguments are not clear, but there are a number of allegations and arguments in his brief that were not raised in the Rule 37.1 petition.

An appellant is limited to the scope and nature of the arguments he made below and that were considered by the circuit court in rendering its ruling. *Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. We have routinely held that we will not hear arguments raised for the first time on appeal. *Nooner v. State*, 339 Ark. 253, 4 S.W.3d 497 (1999). Accordingly, we need address only arguments made on appeal that relate to the adequacy of the trial court's findings and procedure and to those claims made in the Rule 37.1 petition.

Adkins contends that the trial court's findings were not adequate to support a summary disposition under Arkansas Rule of Criminal Procedure 37.3(a). Yet, a hearing is not required on every petition for postconviction relief. *Houghton*, 2015 Ark. 252, ___ S.W.3d ___. Where the circuit court outlines an appellant's claims and the reasons for its denial of those claims, the

SLIP OPINION

findings are adequate for our review. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. The circuit court provided findings in this case that outlined the claims and its reasons for denial.

Adkins contends that a hearing was necessary in order to fully develop issues concerning counsel's trial strategies. Yet, Adkins did not raise an issue concerning counsel's strategy, and the circuit court's findings on Adkins's claims did not rely on any conclusion that counsel was not ineffective because the allegedly deficient performance resulted from a strategic decision. Adkins has not demonstrated that a hearing was required or that the trial court's findings were not adequate.

Adkins makes a number of arguments on appeal asserting that counsel should have been appointed to him based on the United States Supreme Court's holdings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). This court has held that those cases do not require states to make provision for every petitioner in a collateral attack on a judgment to have counsel. *Stalnaker v. State*, 2015 Ark. 250, ___ S.W.3d ___ (per curiam). Moreover, the Rule 37.1 petition did not cite *Martinez* or *Trevino* with Adkins's request for counsel. Accordingly, we need not address the issue further. *Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835; *see also Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259.

Adkins argues on appeal that his counsel was ineffective. Our review of claims of ineffective assistance of counsel follows the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. State*, 2015 Ark. 165, 459 S.W.3d 806. Under that two-prong analysis, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense.

*Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. The reviewing court must indulge in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835. The defendant claiming ineffective assistance of counsel has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.* Here, the circuit court found that Adkins did not demonstrate prejudice.

As to the prejudice requirement under the *Strickland* standard, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* In order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Mancia*, 2015 Ark. 115, 459 S.W.3d 259. An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice as the plea rests upon an admission in open court that the appellant did the act charged. *Id.*

Adkins's first claim of ineffective assistance in his brief alleges that trial counsel failed to challenge the defective criminal informations charging him. That claim was not raised in the Rule 37.1 petition.

Adkins next alleges that counsel was ineffective for failing to challenge his mental

evaluation and what was apparently a determination that he was competent.[3] Interwoven with this claim are allegations that counsel did not sufficiently investigate Adkins's prior medical records and history of addiction, that Adkins was coerced into entering his plea, that the trial court failed to follow proper procedure in taking his plea, and that the holding in *Trevino* changed the standard that should be applied to ineffective-assistance claims. The Rule 37.1 petition did not include any argument that a new standard should apply to ineffective-assistance claims, and it did not raise a challenge to the plea procedure.

To the extent that the Rule 37.1 petition could be construed to raise a claim of ineffective assistance for failure to challenge the mental evaluation and its conclusion of competency, it was not clearly erroneous for the circuit court to find that Adkins failed to demonstrate prejudice. In the Rule 37.1 petition, Adkins alleged that certain medical records were not provided to the professional who evaluated him, that he was intoxicated at the time that the crimes were committed, and that the length of time for the examination was not sufficient for an adequate evaluation. Adkins did not provide any information in the Rule 37.1 petition concerning the specific contents of the medical records that he alleged should have been considered in evaluating him. Adkins asserted in the Rule 37.1 petition that the psychiatric exam that was conducted was

---

[3]Neither the record in this case nor the record for the earlier appeal in the same proceedings includes a copy of a mental evaluation. The record in the earlier appeal remanding for proceedings on the merits of the Rule 37.1 petition, however, does include an order for psychiatric examination and a letter reflecting that the ordered forensic examination had been completed prior to the date that Adkins's plea was entered. We take judicial notice of the record from the earlier appeal without need to supplement the record. *See Davis v. State*, 2013 Ark. 118 (per curiam); *Drymon v. State*, 327 Ark. 375, 938 S.W.2d 825 (1997) (per curiam). As noted, Adkins alleged he was incompetent in his Rule 37.1 petition, and, from statements in his brief and the Rule 37.1 petition, he appears to believe that he was found competent.

insufficient because it was too short in duration. He did not indicate what would have been discovered if a longer psychiatric examination had been undertaken.

Bald statements of a history of psychiatric treatment and alcoholism or other addiction are not sufficient to establish the existence of a mental disease or defect. *See Nance v. State*, 339 Ark. 192, 4 S.W.3d 501 (1999). Voluntary intoxication is not a defense, and counsel's decision not to pursue such a defense is not ineffective assistance. *Flowers v. State*, 2010 Ark. 364, 370 S.W.3d 228 (per curiam); *see also Miller v. State*, 2010 Ark. 1, 362 S.W.3d 264.

Although Adkins attempts to elaborate on the basis for his claims of coercion on appeal, those claims made in the Rule 37.1 petition consisted only of the argument that he was coerced by his lawyer's reassurances that he would receive a lesser sentence if he entered a plea to the court instead of entering a negotiated plea. Coercion is compulsion of a free agent by physical, moral, or economic force or threat of physical force. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. The discussion by an attorney of factors that may lead to a higher sentence does not, of itself, mean that a plea was compelled. *Thomas v. State*, 277 Ark. 74, 639 S.W.2d 353 (1982). It is well settled that a plea of guilty that is induced by the possibility of a more severe sentence does not amount to coercion. *Akin v. State*, 2011 Ark. 477 (per curiam); *see also Thomas v. State*, 277 Ark. 74, 639 S.W.2d 353 (1982).

Adkins did not submit facts in his petition for postconviction relief to support a finding of coercion or that counsel was otherwise ineffective. The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice. *Carter v. State*, 2015 Ark. 166, 460 S.W.3d 781. Neither conclusory statements nor allegations without factual

SLIP OPINION

substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Id.* Because Adkins has not demonstrated error in the circuit court's findings, we affirm.

Affirmed; motion denied.