SLIP OPINION

Cite as 2015 Ark. 466

# SUPREME COURT OF ARKANSAS

No. CR-15-192

| | | |
|---|---|---|
| MATTHEW WILLIAMS | | **Opinion Delivered** December 10, 2015 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE PIKE COUNTY CIRCUIT COURT AND MOTION FOR RULE ON CLERK [NO. 55CR-08-56] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE TOM COOPER, JUDGE |
| | | AFFIRMED; MOTION MOOT |

**PER CURIAM**

In 2013, appellant Matthew Williams, who represented himself at trial, was found guilty by a jury in the Pike County Circuit Court of forgery in the first degree in violation of Arkansas Code Annotated section 5-37-201(b)(1) (Supp. 2011) for passing forged checks at two convenience stores. He was sentenced to a term of 480 months' imprisonment.[1] The Arkansas Court of Appeals affirmed the judgment and remanded to correct the sentencing order to reflect that Williams was a habitual offender. *Williams v. State*, 2014 Ark. App. 454.

Williams subsequently filed in the trial court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The trial court denied the petition after a hearing, and Williams brings this appeal.

On appeal, Williams raises some, but not all, of the allegations that he raised in the trial court as grounds to reverse the trial court's order. The issues that were argued below, but not

---

[1]Williams's appointed counsel sat with him at trial and provided advice as stand-by counsel.

raised in this appeal, are considered abandoned. *Sims v. State*, 2015 Ark. 363.

Williams raises three claims of ineffective assistance of counsel in this brief. The claims pertain to his pretrial counsel and his appellate counsel.

We do not reverse the grant or denial of postconviction relief unless the trial court's findings are clearly erroneous. *Lemaster v. State*, 2015 Ark. 167, 459 S.W.3d 802. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883.

We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Under this standard, the petitioner must first show that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that the petitioner was deprived of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id.* Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial, the outcome of which cannot be relied on as just. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Lemaster*, 2015 Ark. 167, 459 S.W.3d 802.

Williams first argues that the trial court erred by not granting relief on his claim that his pretrial counsel was ineffective for not contesting an erroneous jury instruction. He contends counsel should have objected on the basis that the jury instruction defining the offense of

SLIP OPINION

forgery did not mirror the exact language in the forgery statute in that the instruction stated that the check was a written instrument that was issued or "appears to be issued" by the government or a government entity, but the statute does not containe the words "appears to be issued."

While Williams is correct that the forgery statute, Arkansas Code Annotated section 5-37-201(b)(1), does not contain the words in question, we cannot say that the trial court erred in denying postconviction relief on the issue under the *Strickland* standard. First, counsel testified at the Rule 37.1 hearing that she attempted to review the jury instructions with Williams, but he informed her that he could read and did not need her help. At trial, when Williams was representing himself, he did not object when the jury instructions were read to the jury. The right of self-representation carries the responsibility for one's own mistakes, and a defendant who elects to represent himself cannot thereafter complain that the quality of his self-representation amounted to a denial of effective assistance of counsel. *Gilbert v. State*, 282 Ark. 504, 506, 669 S.W.2d 454, 456 (1984).

Moreover, even if pretrial counsel failed to point out to Williams the difference in the wording between the statute and the jury instruction or if counsel, acting as stand-by counsel, could have suggested that Williams object to the jury instruction, Williams did not show that the difference in the wording was sufficient to change the outcome of the trial. Without a showing of a reasonable probability that the fact-finder's decision would have been different absent an error by counsel, Williams did not establish that he was prejudiced by any error by his pretrial counsel. *See Sims*, 2015 Ark. 363.

In a related allegation, Williams argued at the Rule 37.1 hearing that the evidence was

insufficient to show that the checks, which were City of Nashville, Arkansas, checks, were government-issued instruments. He contended that, under Rule 37.1, he was entitled to raise the question of whether the State established that forging the checks was an offense within the scope of the statute. The trial court correctly declined to consider the claim, as it was an allegation that the evidence was not sufficient to sustain the judgment. This court has consistently held that attacks on the sufficiency of the evidence are direct attacks on the judgment that must be made at trial and on the record on direct appeal. *Cotton v. State*, 293 Ark. 338, 339, 738 S.W.2d 90, 90 (1987). The Rule does not provide an opportunity to add evidence to the record or to otherwise refute evidence adduced at trial. *See Davis v. State,* 345 Ark. 161, 44 S.W.3d 726 (2001).

Williams next contends that the trial court erred with respect to his claim that pretrial counsel should have filed a motion to suppress the admission of copies of the forged checks. He further argues that posttrial counsel was ineffective because counsel did not raise the issue of the admissibility of the checks on appeal and failed to argue that there was reversible error at trial because the State did not introduce the original checks into evidence.

As to pretrial counsel's failure to object to the admission of the checks into evidence, Williams represented himself when the checks were admitted into evidence, and he did, in fact, object on the basis that the checks were copies rather than original documents. As the objection was made, Williams did not establish that pretrial counsel was remiss.

With respect to whether appellate counsel was ineffective for failing to raise the issue of the admissibility of the checks on appeal and failing to argue that the checks introduced into evidence were copies of the original checks, Williams did not meet his burden of showing that

counsel failed to raise a meritorious issue on appeal. *Walton v. State*, 2013 Ark. 254 (per curiam). A convicted defendant has the right to effective assistance of counsel on appeal in accordance with the Sixth Amendment. *Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835. The petitioner claiming that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some issue on appeal that would have resulted in reversal of the judgment. *State v. Rainer*, 2014 Ark. 306, at 13, 440 S.W.3d 315, 323. Williams presented no argument to demonstrate that the issue of either the admissibility of the checks or the introduction of copies of the checks into evidence was an issue on which he would have prevailed on appeal.

Testimony at trial established that, pursuant to bank policy, the original checks were destroyed after ninety days and that certified copies of the forged checks were returned to the convenience stores and given to law-enforcement investigators. Under Arkansas Rule of Evidence 1003 (2013), a duplicate is held to be admissible to the same extent as the original unless a genuine question is raised to authenticity of the duplicate or where it would be otherwise unfair to admit the duplicate. Williams did not show that there was any basis on which the trial court erred in holding that the duplicate checks were admissible or any basis on which appellate counsel could have raised a meritorious argument on appeal concerning the admissibility of the duplicate checks. Again, the petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. *Rainer*, 2014 Ark. 306, at 13, 440 S.W.3d 315, 323. An attorney is not ineffective merely because he did not raise every argument on appeal, regardless of merit, urged by his client. *Watson*, 2014 Ark. 203, 444 S.W.2d 835.

Williams's next point for reversal of the order concerns his assertion that pretrial counsel

SLIP OPINION

did not contact witnesses for the defense. He claims there were multiple witnesses, but he specifically names only Chris Turner. Williams alleges that Turner's testimony would have been vital to the defense because Turner was shown in video footage with Williams passing a forged check, making him an "unindicted co-conspirator."

A decision to call a witness is ordinarily tactical, based on the best judgment of counsel and cannot alone support an ineffective-assistance-of-counsel claim. *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. A petitioner claiming ineffective assistance of counsel for failure of counsel to call a witness is required to state the substance of the omitted witness's testimony and demonstrate that the omitted testimony resulted in actual prejudice to his defense. *Feuget v. State*, 2015 Ark. 43, at 5, 454 S.W.3d 734, 739. To demonstrate prejudice, the petitioner must establish that there is a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Thomas v. State*, 2014 Ark. 123, at 9, 431 S.W.3d 923, 929. The burden is on the petitioner to establish the admissibility of the witness's testimony. *Johnston v. State*, 2015 Ark. 162, at 5–6, 459 S.W.3d 782, 786 (per curiam). The fact that there was a witness, or witnesses, who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Rasul*, 2015 Ark. 118, 458 S.W.3d 722.

Here, Williams did not demonstrate a reasonable probability that the outcome of the trial could have been different had Turner testified. Williams did not set out in his Rule 37.1 petition or at the hearing on the petition, and he does not explain in his brief in this appeal, what testimony Turner would have offered had he been called as a witness. Two store clerks testified that they were sure that Williams was the person who had passed the forged checks to them.

Even if Turner were in the video with Williams, the onus was on Williams to state what Turner would have said at trial that would have affected the outcome of the trial. As Williams did not meet the threshold requirement of setting out how the defense was prejudiced by pretrial counsel's failure to secure the testimony of Turner or any other witness, he did not show that counsel was remiss. *See Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895 (To establish prejudice for failure of counsel to secure the testimony of a particular witness, it is incumbent on the petitioner to provide a summary of the testimony that would have been beneficial to the defense under the *Strickland* standard.).

Finally, Williams has filed a pro se motion for rule on clerk, seeking to file a belated reply brief. As there is clearly no merit to the appeal, we affirm the trial court's denial of Rule 37.1 relief, rendering the motion moot.

Affirmed; motion moot.

*Matthew Williams*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.