SLIP OPINION

Cite as 2016 Ark. 190

# SUPREME COURT OF ARKANSAS
No. CR-15-975

| | | |
|---|---|---|
| ROY LEE RUSSELL | | **Opinion Delivered** April 28, 2016 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE DESHA |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 21CR-15-975] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE SAM POPE, JUDGE |
| | | |
| | | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Roy Lee Russell was found guilty by a jury of second-degree battery and of being a felon in possession of a firearm. He was sentenced as a habitual offender to 180 months' imprisonment for the battery offense, and to 480 months' imprisonment for the firearms offense, to be served consecutively. Russell had also been charged with, and acquitted of, three counts of kidnapping, one count of aggravated assault, and three counts of rape.

The convictions and sentences were affirmed on direct appeal by the Arkansas Court of Appeals. *Russell v. State*, 2014 Ark. App. 357. The mandate was issued by the court of appeals on September 4, 2014. Russell filed a timely verified petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2013) in the trial court on September 11, 2014. The trial court dismissed the petition for lack of jurisdiction on September 18, 2014.

SLIP OPINION

This court reversed and remanded the case because the trial court failed to address Russell's timely claims for postconviction relief. *Russell v. State*, 2014 Ark. 530 (per curiam). On remand, the trial court subpoenaed Russell's medical records for consideration and concluded that Russell's claims for ineffective assistance of counsel were not supported by the record. Russell brings this appeal.

This court does not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. *Watson v. State*, 2014 Ark. 203, at 2–4, 444 S.W.3d 835, 838–39. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the totality of the evidence, we are left with the definite and firm conviction that a mistake has been committed. *Id*. We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id*. First, a petitioner raising a claim of ineffective assistance must demonstrate that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id*. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id*. Second, the petitioner must show that the deficient performance prejudiced the defense, such that there is a reasonable probability that the fact-finder's decision would have been different absent

SLIP OPINION

counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

In his first point on appeal, Russell argues that the trial court erred when it denied his petition without conducting an evidentiary hearing. It is undisputed that the trial court has discretion pursuant to Arkansas Rule of Criminal Procedure 37.3(a) to decide whether the files and records are sufficient to sustain the court's findings without a hearing. *Sanders v. State*, 352 Ark. 16, 25–26, 98 S.W.3d 35, 41 (2003). This court has previously interpreted Rule 37.3 to provide that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Id.* Where the trial court concludes, without a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the trial court to make written findings specifying the parts of the record that form the basis of the trial court's decision. *Id.* If the trial court fails to make such findings, it is reversible error, unless the record before this court conclusively shows that the petition is without merit. *Id.*

Here, the trial court thoroughly reviewed the record and specifically cited portions of the record when reaching its conclusion. Additionally, Russell's medical records were obtained, reviewed, and supplemented into the record for a more thorough assessment. The trial court then determined that Russell was not entitled to relief under the *Strickland* standard, because the allegations of attorney error were unsupported by the record. The trial court did not clearly err in denying the petition without an evidentiary hearing. *Henington v. State*, 2012 Ark. 181, at 6, 403 S.W.3d 55, 60 (conclusory allegations that are

SLIP OPINION

unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief).

Secondly, Russell contends that counsel was ineffective for failing to investigate or introduce Russell's medical records during trial. Russell asserts that the introduction of his medical records would have supported his defense that he was not the first aggressor. On remand, the trial court subpoenaed Russell's medical records and thoroughly reviewed them before it concluded that their introduction would not have changed the trial's outcome. There was no dispute that Russell was injured in the altercation. Harold Shepherd testified that he struck Russell multiple times with the butt of a gun. The medical records were merely cumulative evidence that Russell sustained abrasions to his head and face. The introduction of the medical records would not have supported Russell's claim that he was not the first aggressor.

For his next two points, Russell alleges that counsel failed to interview or call important fact witnesses and failed to prepare for witnesses. Specifically, Russell complains that counsel failed to adequately prepare for the testimony of Dr. Maxwell. Dr. Maxwell had been called by the State to testify about the extent of the injuries sustained by the victims. Because Dr. Maxwell had also treated Russell, on cross examination counsel asked Dr. Maxwell to describe the extent of Russell's injuries. However, without the medical records as a reference, Dr. Maxwell was unable to recall treating Russell.

Russell contends that the medical records would have enabled Dr. Maxwell to describe Russell's medical treatment and to provide expert medical testimony, as well as to provide documentation establishing the severity of Russell's injuries, which Russell again

SLIP OPINION

maintains was crucial to support his defense that he had not been the aggressor. However, the extent and severity of Russell's injuries were presented to the jury for consideration, and Russell cannot demonstrate prejudice from the absence of what would have been cumulative evidence. The fact that there was a witness who could have offered beneficial testimony is not, in and of itself, proof of counsel's ineffectiveness. *Williams v. State*, 2015 Ark. 466, at 6, 476 S.W.3d 800, 806. Rather, the burden is on a petitioner to demonstrate prejudice by establishing that the testimony would have changed the trial's outcome. *Id.* Russell failed to meet this burden.

For his fifth point on appeal, Russell relies on Arkansas Code Annotated section 5-1-110(a)(5) and argues that counsel was ineffective when he failed to object to count four, aggravated assault of three victims, and count eight, second-degree battery of Holly Davidson, in the felony information as "multiplicitous." Russell maintains that second-degree battery, which was charged in count eight, was a lesser-included offense of aggravated assault, which was charged in count four. The trial court correctly found this allegation to be without merit. Russell had been acquitted of count four and thus failed to demonstrate that he was prejudiced by counsel's alleged failure to object to the charges in the felony information. To the extent that Russell is alleging that his conviction on count eight represented an inconsistent verdict in view of his acquittal on count four, that issue was addressed and rejected by the court of appeals. *Russell*, 2014 Ark. 530, at 2.

In his sixth point on appeal, Russell argues that counsel was ineffective for failing to object to the prosecutor's closing argument. Russell contends that the prosecutor improperly vouched for the victims' credibility, and counsel unreasonably failed to object.

After thoroughly reviewing the closing arguments of both the prosecution and the defense, the trial court found no prejudice. The trial court concluded that the prosecutor's statement that he was convinced that a crime had been committed, was made during rebuttal, was responsive to defense arguments, and was, therefore, proper under the circumstances. *See Stewart v. State*, 2012 Ark. 444, at 5 (holding that it was not an abuse of discretion to overrule an objection during closing argument because the prosecution's argument concerning credibility was related to defense counsel's attacks on witness credibility). Furthermore, it is well established that because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the wide range of permissible professional legal conduct. *Sasser v. State*, 338 Ark. 375, 391, 993 S.W.2d 901, 910 (1999). Russell's contention that counsel failed to object during the prosecutor's closing argument does not overcome the presumption that counsel's conduct fell within a wide range of reasonable professional assistance.

For his next point on appeal, Russell claims that counsel was ineffective for failing to challenge his "selective prosecution." According to Russell, the evidence was sufficient to charge Harold Shepherd with the same crimes with which Russell was charged and convicted. Russell maintains that he and Shepherd are similarly situated and that Shepherd was not prosecuted because he is Caucasian, while Russell is African American.

We have recognized and adopted the federal standard for evaluating a claim of selective prosecution, which requires a showing of two elements: (1) proof that the government had singled the defendant out for prosecution while others similarly situated

SLIP OPINION

were not prosecuted; and (2) proof that the defendant was being singled out based on an impermissible motive, such as race, religion, or the exercise of constitutional rights. *Owens v. State*, 354 Ark. 644, 656–57, 128 S.W.3d 445, 452–53 (2003) (citing *United States v. Wilson*, 806 F.2d 171 (8th Cir. 1986)). An allegation of selective prosecution must be supported by a specific factual basis before an evidentiary hearing on the matter would be warranted. *Id*. at 659, 128 S.W.3d at 454. In order to establish that a defendant is similarly situated, the circumstances must demonstrate that there were no legitimate prosecutorial factors justifying the decision to prosecute, such as the strength of evidence against a particular defendant and the defendant's role in the crime. *United States v. Venable*, 666 F.3d 893, 901 (4th Cir. 2012). Here, Russell's allegations are insufficient to establish a factual basis for a selective-prosecution claim. The trial court did not clearly err when it concluded that counsel was not ineffective for failing to raise a selective-prosecution claim.

Russell also contends that counsel was ineffective for failing to challenge the imposition of consecutive sentences. The record demonstrates that the jury recommended consecutive sentences, and the trial court accepted that recommendation. It is well established that whether sentences should run consecutively or concurrently lies solely within the province of the trial court. *Throneberry v. State*, 2009 Ark. 507, at 7, 342 S.W.3d 269, 272. A defendant assumes a heavy burden of demonstrating that the trial judge failed to give due consideration to the exercise of his discretion in the matter of the consecutive sentences. *Id*. When a petitioner claiming postconviction relief on this basis fails to explain what factual substantiation counsel could have advanced to the court in favor of a concurrent sentence, he has not established that counsel was ineffective. *Robinson v. State*, 2014 Ark.

310, at 10, 439 S.W.3d 32, 40 (per curiam). Russell does not set forth facts that would have warranted counsel requesting a concurrent sentence. The trial court correctly found that counsel was not ineffective for failing to advance a meritless challenge to Russell's consecutive sentences.

For his final assignment of error, Russell maintains that counsel was ineffective for failing to properly challenge the sufficiency of the evidence so that the issue would be preserved on direct appeal. The trial court rejected this claim and found that Russell's convictions were supported by substantial evidence. The trial court did not clearly err as the record contains sufficient evidence to support Russell's convictions.

Affirmed.

*Roy L. Russell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.