SLIP OPINION

Cite as 2017 Ark. 23

# SUPREME COURT OF ARKANSAS

No. CR–16–487

| | | |
|---|---|---|
| | | **Opinion Delivered:** February 9, 2017 |
| CHRISTOPHER BEVERAGE | | |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR–10–83, 35CR–10–602, 35CR–11–423, 35CR–12–346] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Charles Beverage appeals from the Jefferson County Circuit Court's order denying his petition for postconviction relief due to ineffective assistance of counsel under Arkansas Rule of Criminal Procedure 37.1 (2015). He filed his petition for relief after pleading guilty to charges from several different cases including first-degree murder, aggravated robbery, first-degree escape, second-degree battery, and theft of property. Beverage argues that, because his counsel's failure to request a competency hearing was both deficient and prejudicial, the circuit court erred in denying his petition. For the reasons set out below, we affirm the circuit court's denial of Beverage's petition.

I.    *Facts and Procedural History*

Beverage and two other inmates escaped from a juvenile detention center in January 2010. During the escape, Beverage assaulted a guard and caused the officer's fatal heart attack. Beverage also assaulted additional employees and stole a vehicle in connection with

SLIP OPINION

the escape. The remainder of the charges stem from attacks on corrections officers while Beverage was in custody.

Beverage's trial counsel filed an initial motion for mental evaluation after Beverage had been charged. The circuit court granted the motion. Dr. William Cochran evaluated Beverage and determined that he was competent to stand trial. Upon receiving that report, Beverage's counsel filed a motion for a supplementary forensic evaluation. The circuit court granted that motion as well. Ron Faupel, a psychologist, also concluded that Beverage was fit to stand trial. Two months later, Dr. Jill Brush-Strode reached the same determination; Beverage failed Dr. Brush-Strode's competency test, but she concluded this was due to his feigning a lack of understanding. Beverage's counsel retained Dr. Albert Kittrell to testify about Beverage's chances for rehabilitation. Dr. Kittrell did not conduct his own evaluation of Beverage's fitness for trial, but he stated that he agreed with the prior evaluators' reports.

Beverage pleaded guilty on September 7, 2012, and was sentenced to 600 months' imprisonment. He filed his motion for postconviction relief on several grounds, including the instant claim of ineffective assistance of counsel due to his counsel's failure to request a competency hearing. The circuit court denied the petition, and this court reversed and remanded to the circuit court to conduct an evidentiary hearing in light of a gap in the record. In addition to resolving that issue on remand, the circuit court heard testimony from Beverage's mother, who asserted that she had given trial counsel a cache of medical documents that he did not review.

The circuit court again denied relief on Beverage's petition. It explained that, in light of the independent judgment of three medical professionals and the agreement of Beverage's

own witness that he was competent to stand trial, his trial counsel made a reasonable decision not to pursue the competency question further, and that decision did not prejudice Beverage.

## II.     *Analysis*

We review circuit court decisions on Rule 37 petitions for clear error. *Adkins v. State*, 2015 Ark. 336, at 1, 469 S.W.3d 790, 794 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* This court has adopted the United States Supreme Court's test from *Strickland v. Washington*, 466 U.S. 668 (1984), to determine whether or not counsel was ineffective. *Taylor v. State*, 2013 Ark. 146, at 5, 427 S.W.3d 29, 32. The *Strickland* test requires both (1) that the petitioner's counsel's performance was deficient and (2) that the petitioner was prejudiced by that deficient performance. *Strain v. State*, 2012 Ark. 42, at 2, 394 S.W.3d 294, 297 (per curiam).

Beverage's arguments on appeal all concern his trial counsel's failure to request a competency hearing. In order to show that trial counsel's failure to request a competency hearing was deficient, Beverage must point to errors that are outside "the wide range of reasonable professional assistance." *See, e.g.*, *Russell v. State*, 2016 Ark. 190, at 2, 490 S.W.3d 654, 658. In order to satisfy the second prong of *Strickland*, that he was prejudiced, Beverage must demonstrate that there was a reasonable probability he would have been found incompetent to plead guilty if the request had been made. *See, e.g.*, *Henson v. State*, 2011 Ark. 375, at 3 (citing *Jones v. State*, 355 Ark. 316, 136 S.W.3d 774 (2003)).

SLIP OPINION

Failing either prong of *Strickland* is independently fatal to a Rule 37.1 petition. *See, e.g., Pennington v. State,* 2013 Ark. 39, at 2 (per curiam). We see nothing to indicate that the circuit court clearly erred in finding that Beverage was not prejudiced by his trial counsel's decision not to request a competency hearing. Beverage's attorney moved for and received an initial evaluation, a second opinion, and a third opinion from different medical professionals on the issue of his client's competency. A fourth medical professional— Beverage's own witness—agreed with the prior medical assessments that Beverage was legally competent to stand trial and, consequently, to plead guilty. With three independent evaluations yielding opinions that Beverage was competent, there is simply no plausible contention that an additional hearing would have resulted in a ruling that he was incompetent.

When a Rule 37.1 petitioner claims that trial counsel prejudiced the petitioner by failing to press for an additional hearing or raise additional evidence on the issue of competency, we have held that it is the burden of the petitioner to demonstrate that "additional evidence would have negated findings already presented." *See Campbell v. State*, 283 Ark. 12, 15, 670 S.W.2d 800, 802 (1984). For additional evidence of incompetence, Beverage submits (1) stray comments from the same medical reports that ultimately concluded he was competent and (2) the box—full, Beverage claims, of medical documents—that Beverage's mother had given trial counsel before Beverage entered his plea. As with *Campbell*, it is the burden of the petitioner to "show how the evidence of his prior history . . . would have negated the findings of the evaluation that had already been presented." *Id*. Because Beverage did not identify how any medical records would have

overcome the independent determinations of his three medical evaluators, the circuit court did not clearly err in determining Beverage was not prejudiced by his trial counsel's decision not to request a competency hearing.

### III.    *Conclusion*

Because Beverage failed to demonstrate that any deficiency by his trial counsel was prejudicial to him, he did not satisfy the *Strickland* test for ineffective-assistance-of-counsel claims under Rule 37.1 of the Arkansas Rules of Criminal Procedure. We hold that the circuit court did not clearly err in denying his petition.

Affirmed.

*James Law Firm*, by:  *William O. "Bill" James, Jr.*, and *Michael Kiel Kaiser*, for appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Rebecca Kane*, Ass't Att'y Gen., for appellee.