SLIP OPINION

Cite as 2017 Ark. 174

# SUPREME COURT OF ARKANSAS

No. CR–16–940

|  |  |  |
|---|---|---|
| STEVEN RUSSELL, JR. | APPELLANT | **Opinion Delivered:** May 11, 2017 |
|  |  | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-09-4519] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE WENDELL GRIFFEN, JUDGE |
|  |  | <u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Steven Russell appeals from the Pulaski County Circuit Court's order denying his petition for postconviction relief due to ineffective assistance of counsel under Arkansas Rule of Criminal Procedure 37.1 (2015). Russell was convicted of capital murder for the death of his girlfriend. He received a sentence of life without parole and a 15-year sentence enhancement for the use of a firearm in the commission of the crime. We affirmed his conviction on direct appeal. *Russell v. State*, 2013 Ark. 369. For the reasons discussed below, we affirm the circuit court's denial of Russell's petition.

We review the circuit court's decision on Rule 37.1 petitions for clear error. *Adkins v. State*, 2015 Ark. 336, at 1, 469 S.W.3d 790, 794 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed. *Id*. This court has adopted the United States Supreme Court's test from

*Strickland v. Washington*, 466 U.S. 668 (1984), to determine whether counsel was ineffective. *Taylor v. State*, 2013 Ark. 146, at 5, 427 S.W.3d 29, 32. The *Strickland* test requires both (1) that the petitioner's counsel's performance was deficient and (2) that the petitioner was prejudiced by that deficient performance. *Strain v. State*, 2012 Ark. 42, at 2, 394 S.W.3d 294, 297 (per curiam). Failing either prong of *Strickland* is independently fatal to a Rule 37.1 petition. *See, e.g., Pennington v. State*, 2013 Ark. 39, at 2 (per curiam). The first prong requires more than a mere hindsight-driven criticism of an attorney's conduct. To be deficient, trial counsel's conduct must be outside "the wide range of reasonable professional assistance." *See, e.g., Russell v. State*, 2016 Ark. 109, at 2, 490 S.W.3d 654, 658. Similarly, the second prong is not satisfied by a bare contention that the trial counsel's conduct might have conceivably impacted the trial; we look instead for a *reasonable probability* that the jury would have reached a different result without the counsel's errors. *Watson v. State*, 2014 Ark. 203, at 3–4, 444 S.W.3d 835, 839. A reasonable probability is one "sufficient to undermine confidence in the outcome of the trial." *Id*.

First, Russell argues that his counsel was deficient for allowing the jury to view unredacted medical records, which contained information about an incident in which Russell broke a prior girlfriend's jaw. Before the trial, his attorney sought and obtained a ruling preventing the State from introducing evidence about the episode under Arkansas Rule of Evidence 404(b), which prohibits raising past crimes or bad acts "to prove the character of a person in order to show that he acted in conformity therewith." The 404(b) ruling is not, however, relevant to the circumstances in which the medical records were introduced to the jury here. Instead of the prosecution introducing the broken-jaw incident



to demonstrate a character defect, the information was critical to establish Russell's own contention that his post-traumatic stress disorder ("PTSD") negated his culpability for the homicide. All three expert reports weighing in on Russell's PTSD defense referenced the battery and the mental–health treatment Russell received afterward. The reports of Dr. Ronald Faupel and Dr. James R. Moneypenny ultimately reached favorable conclusions for Russell on the question of criminal responsibility. Because the Rule 404(b) ruling that Russell relies on is not applicable to medically relevant information bearing on Russell's own defense, Russell cannot now establish the necessary prejudice for *Strickland*. The evidence was both admissible and cumulative of other evidence, and as such there is no reasonable probability that additional efforts by the trial counsel to limit introduction of the medical records would have altered the outcome of the trial.

Next, Russell contends that the failure of his trial counsel to preserve an objection regarding the circuit court's "gatekeeper function" merits Rule 37.1 relief. On direct appeal, we fully addressed the claim that the trial court should have acquitted Russell based on the evidence of PTSD presented by the experts. *See Russell*, 2013 Ark. 369, at 4–5. What we declined to address—and therefore the only point Russell could be criticizing his trial counsel for not preserving—was the argument that the State should not have been allowed to get an evaluation from Dr. Bradley Diner after the initial evaluation by Dr. Ronald Faupel determined that Russell was mentally incapacitated by his PTSD at the time of the crime. Dr. Diner ultimately testified that Russell was not mentally incapacitated by his PTSD at the time of the crime. The circuit court did not, however, address this narrow point in its order on Russell's petition for postconviction relief, and we will not address an argument

for which the appellant failed to obtain a ruling below in a postconviction case. *See Howard v. State*, 367 Ark. 18, 31, 238 S.W.3d 24, 35 (2006).

Russell argues next that his trial counsel was deficient for failing to state the grounds for a mistrial in his oral motion requesting that remedy. After just over an hour of deliberations on Thursday, January 26, 2011, and one full day of deliberations on the following day, the jurors reported to the circuit court that they were at an impasse. One juror was set on convicting Russell of capital murder while the others were set on first-degree murder. The circuit court sent a note back asking if the jury "may be able to deliberate toward a verdict after a night of rest." Russell's trial counsel moved for a mistrial in response, and the motion was denied. Shortly after receiving the note, the jury returned a unanimous verdict for capital murder.

Russell argues that because the communication occurred on a Friday afternoon, it effectively asked the jurors whether they were willing to "give up their weekend for this self-professed killer and come back and work some more on Saturday." Russell's argument on this point fails *Strickland*'s second prong. We have consistently held that a mistrial is an "extreme and drastic remedy." *See, e.g.*, *Moore v. State*, 355 Ark. 657, 666, 144 S.W.3d 260, 266 (2004). Courts in Arkansas are permitted to give juries the "*Allen* charge," which stresses the importance of reaching a verdict and the monetary and social costs of delayed justice. *See Walker v. State*, 276 Ark. 434, 637 S.W.2d 528 (1982). By comparison, the court's communication here was—despite Russell's characterization to the contrary—an utterly unremarkable assurance that the jury could take more time to reach a verdict if necessary after an hour of deliberations on one day followed by a single full day. Because Russell has

not demonstrated any credible basis on which the disfavored remedy of a mistrial might have been granted even if his trial counsel had preserved the issue for appellate review, we hold that he has not demonstrated prejudice for the purposes of *Strickland*.

Finally, Russell attempts to argue in his postconviction appeal that the trial court erred in not excluding Dr. Diner's testimony. He claims that Dr. Diner's report and conclusions were outside the accepted scientific consensus on PTSD and had "no basis in medicine or science." As the circuit court noted, this is a claim of trial error rather than ineffective assistance of counsel. A postconviction Rule 37.1 motion is not the appropriate medium for collateral attack on the trial court's rulings. As we have consistently held, allegations of trial error must be made at trial and on direct appeal. *See, e.g.*, *Watson v. State*, 2012 Ark. 27, at 3. We therefore decline to consider his claim here.

Because any errors demonstrated by Russell are either nonprejudicial under *Strickland* or inappropriate for postconviction consideration, we hold that the circuit court did not clearly err in denying his petition.

Affirmed.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.